## COLTON and others *vs.* ROSS and others.

A bill may be framed with a double aspect, where it is doubtful what relief the complainannt is entitled to on the facts of his case.

In such case the relief prayed for may be in the alternative; but it must be consistent with the case made by the bill.

Where the case made by the bill entitles the complainant to one of two kinds of relief, but not to both, the prayer should be in the disjunctive.

So, if it be doubtful whether the facts of the case entitle him to the specific relief prayed for, or to relief in some other form, his prayer concluding for general relief should be in the disjunctive.

In such case, although the complainant should not be entitled to the relief specifically prayed for, he may, under the general prayer, obtain any other specific relief, consistent with the case made by the bill.

But where the complainant prays for particular relief, *and* for other relief in addition thereto, he can have no relief inconsistent with such particular relief, although it should be founded upon the bill.

The court of chancery has no original jurisdiction to try the validity of wills of personal estate.

The jurisdiction of the court exists only in case of an appeal from the decision of the surrogate.

Where no appeal is made to the court of chancery, the probate of the will before the surrogate is final and conclusive, as to the personal estate.

The court of chancery has no jurisdiction to set aside a will of real estate, on the ground of the incompetency of the testator; and wherever the complainant has perfect remedy at law, if the defendant raises the objection by demurrer to the bill, or insists upon it in his answer, the court will refuse to sustain the suit.

The court, however, frequently decides upon the validity of a will of real estate, where the question arises collaterally; but in those cases, if the heir insists upon the invalidity of the will in his answer, an issue will be awarded to try the question at law.

1831.

Colton
v.
Ross.

April 19th.

THE bill in this cause was filed to set aside the will of William Ross deceased. It appeared by the bill that the will disposed of both real and personal estate, and that the executor, in 1822, duly proved the will before the surrogate of New-York, and obtained letters testamentary thereon. The complainants alleged that the testator at the time of making the will was of unsound mind, and wholly incapable of making a valid will. And they, among other things, prayed that the will might be declared void, and that they might be let in to their share of the estate; and that if it should appear to the court the will was valid, that the executor might be removed from his trust for mismanagement; and for further relief, &c. The executor demurred to the bill, so far as it sought to set aside the will as to the personal estate, on the ground that the sentence of the surrogate in favor of the same was conclusive, and that this court could not review his decision on that question, except upon an appeal; and, so far as it sought to impeach the will as a devise of the real estate, upon the ground that the complainants' remedy was perfect at law.

*R. Sedgwick & E. N. Mead*, for the complainants.

*P. A. Jay & J. Greenwood*, for the executor.

THE CHANCELLOR. There is no doubt of the right of a complainant, in certain cases, to frame his bill with a double aspect, where it is doubtful what relief he may be entitled to on the facts. In such a case the prayer for relief may be in the alternative; but the relief must always be consistent with the case made by the bill. Here the complainants claim as heirs at law and next of kin to the testator, under a positive allegation that no valid will was ever made. That part of the prayer which is for special relief, if the court should be satisfied there was a valid will, is therefore wholly inconsistent with the case made by the bill. Another substantial objection is that the prayer for relief in this case is not in the alternative; but the last part of the relief prayed for is in addition to the prayer that the will may be declared void. Where the case made by the bill may entitle the complainant to one kind of relief or another, but not to both, the prayer should be in the

disjunctive. So, if the complainant is in doubt whether the facts of his case entitle him to a specific relief prayed for, or to relief in some other form, his prayer, concluding for general relief, should be in the disjunctive. And in such a case, although he is not entitled to the relief specifically prayed for, he may, under the general prayer, obtain any other specific relief, provided it is consistent with the case made by the bill. (Per Thompson, J. 1 John. R. 559. 13 Ves. Jun. 119. 1 John. Ch. R. 117. 2 Young & Jervis, 33. 2 Peters' R. 595.) But if a complainant prays for particular relief, *and* other relief in addition thereto, he can have no relief inconsistent with such particular relief, although founded upon the bill.

So far as respects the personal estate, the probate of the will, before the surrogate, is final and conclusive; and this court has no jurisdiction to try its validity, except upon appeal from that decision. In *Lynn* v. *Beaver*, (Turner & Russ. R. 67,) Lord Eldon says: " With respect to wills of personalty, after probate has been granted by the ecclesiastical court, this court is bound by the judgment, and has no jurisdiction to try whether the will is complete or not." (See also 2 Rob. on Wills. 50. 1 Mad. R. 1. *Archer* v. *Morse*, 2 Vern. R. 8.) This court frequently decides upon the validity of a will of real estate, when the question comes before it collaterally; but if the heir insists upon the invalidity of the will, in his answer, an issue is awarded to try the question at law. It is however well settled that the heir cannot file a bill in this court to set aside a will, on the ground of the incompetency of the testator, if the defendant chooses to avail himself of the objection in the proper stage of the suit. In *Kerish* v. *Bransby*, (3 Bro. P. C. 358,) Lord Macclesfield set aside a will on the ground that it was fraudulently obtained. On appeal to the house of lords, the objection was taken that the question as to the validity of the will was only triable at law; and his decree was reversed. The case of *Jones* v. *Jones*, in the exchequer, (7 Price's R. 663,) was very similar to that now under consideration. The heir at law filed his bill to establish his title against a will alleged to be void for fraud and collusion, and for various other reasons. The

bill, as in this case, charged that the defendant had possessed himself of the title deeds, &c. It prayed for a discovery and account, and for an injunction and a receiver; and that the pretended will might be set aside and declared void. The defendant demurred for want of equity, and insisted that the party could not come into a court of equity to try the validity of the will. The court sustained the objection, and allowed the demurrer. They say. the real question is whether the will is valid or not; and that is a question which we cannot determine: some of the old cases imply a power in courts of equity to interfere in cases of wills procured by fraud; but it is now well settled that they cannot. The same question, and apparently in relation to the same will, and by the same complainant, was brought before Sir William Grant, the master of the rolls. in 1817, (3 Meriv. 161;) before Sir J. Leach, vice chancellor, in 1818, (3 Mad. R. 1;) and subsequently before Lord Eldon, on appeal, in 1822 ; and at each time it received a similar decision. In *Jones v. Frost,* (Jacob's R. 466,) the lord chancellor says, the bill seeks to give the court jurisdiction to try the validity of a will of real estate, as to which it has no jurisdiction ; and to try the validity of a will of personal estate, as to which it also has no jurisdiction.

If these recent decisions in the English courts of equity are correct, they are decisive of the question in this cause. And I have not been able to find any case in which a court of equity has assumed jurisdiction to set aside a will, on the ground of the testator's incompetency, where an objection to the jurisdiction was taken in due season.

In *Townsend v. Sice,* before this courts, (2d March, 1830,) the parties claimed under different wills ; and after they had taken proofs in the cause, issues were awarded to try the validity of the wills. But those issues were directed without examining the question of jurisdiction, which was not raised, On the application for a re-hearing and a new trial, an opinion was intimated that the probate of the will was probably conclusive upon the parties as to the personal estate; but as the defendants would be entitled to the benefit of their objection at the hearing, the court refused to interfere at that time. If the defendant does not object to the jurisdiction, this

1831.

Colton
v.
Ross.

1831.

Deveau
v.
Powler.

court may undoubtedly award an issue *devisavit ve non*; and, upon the finding of the jury, may pronounce against the validity of a will of real estate. But if the complainant has a perfect remedy at law, and the defendant raises that objection by demurrer to the bill, or insists on it, by way of objection to the jurisdiction of the court, in his answer, the complainant should be left to seek his redress in the appropriate tribunal. (2 M'Cord's Ch. R. 71.)

The demurrer must be allowed, and the bill dismissed with costs.