1831.

Grandin
v.
Le Roy.

GRANDIN and others *vs.* LE ROY & SMYTH.

After a defendant has answered a bill in chancery, and submitted himself to the jurisdiction of the court without objection, it is too late to insist that the complainant has a perfect remedy at law ; unless the court of chancery is wholly incompetent to grant the relief sought by the bill.

It is no objection to an application to dissolve an injunction, on bill and answer, that a replication has been filed.. But if the testimony has been taken in the cause, the court will order the application to stand over until the hearing on the merits, unless special circumstances render delay improper.

Where the endorsers of an accommodation note lend their names to the drawer, without any limitation or restriction as to the manner in which the note is to be used, he has a right to apply it to the payment or security of an antecedent debt; or to sustain his credit in any other way.

THE bill in this case was filed to restrain the defendant August 2d. Le Roy from proceeding at law to recover a draft drawn by I. Field on the defendant Smyth, and endorsed by the complainants. The draft was transferred to Le Roy in security for an antecedent debt of Field ; and for which Smyth was also liable. After a replication had been filed to the answers of the defendants, Le Roy applied to the vice chancellor of the seventh circuit for a dissolution of the injunction; but the application was denied with costs. From this decision Le Roy appealed to the chancellor.

*D. S. Jones,* for the appellant.

*J. A. Spencer,* for the respondents.

THE CHANCELLOR. The objection that the complainants had a perfect remedy at law, came too late. The defendant should have taken that objection either by demurrer to the bill, or by insisting on it in his answer as a bar. After a defendant has put in an answer, to a bill in chancery, submitting himself to the jurisdiction of the court without objection, it is too late to insist that the complainant has a perfect remedy at law ; unless this court is wholly incompetent to grant the relief sought by the bill. This point was expressly decided by Chancellor Jones, in *Smith* v. *Haviland & Field,*

1831.

Grandin
v.
Le Roy.

in June, 1827, which is not reported, but of which I have a note. (See also 4 Cowen's R. 727, and the cases there cited.)

It is no objection to an application to dissolve an injunction on bill and answer, that a replication has been filed. If, indeed, the application is delayed until after the taking of the proofs, the court will not then go into an investigation of the whole merits of the cause on such an application, unless there are very particular reasons which would render delay improper. But the court will in such case order the motion to stand over until the hearing. In this case the motion was denied, with costs. I presume therefore the vice chancellor intended to decide the question on the merits, as presented by the bill and answers.

On an examination of the facts, as they are stated in the bill, I do not think they raise the question, whether an accommodation note made and endorsed for a particular purpose and afterwards negotiated for another purpose to a third person, with notice, or in payment or security for an antecedent debt, can be collected against the endorser.

The complainants allege that they endorsed this draft, as sureties merely, under a supposition that it would be discounted at the bank; and that the money was to be laid out in the purchase of produce, to be sent to New-York to meet the payment. But they do not allege that Field, or any other person, made any such representation to them to induce them to become the endorsers; or that any fraudulent artifice or device was made use of to deceive them as to the real object for which the draft was intended. On the other hand they say they have been informed and believe that Field's original intention, in making the draft and procuring their endorsement, was to raise money for the use of Le Roy; and to be applied in part payment of the debt due to him. It is not even alleged that such intention was designedly concealed from them. Their supposition, as stated in the bill, is one which the defendants could neither admit or deny in the answer, as it was confined to the complainants' own bosoms at the time. It also is one which it seems impossible to establish by any legal proof. If they lent Field their endorsement, without any restriction as to

the manner in which it was to be used, and without inquiry, he had a right to use it, in the way he has, to pay or secure an antecedent debt; or to sustain his credit in any other way which was not illegal.

This case appears to be like that of the *Bank of Rutland* v. *Buck*, (5 Wend. R. 66;) where the holders of an accommodation note were permitted to recover against the endorsers, although it was received in security for a previous debt. The fact that the bank had refused to discount it, does not alter the case. (*The Bank of Chenango* v. *Hyde*, 4 Cowen's R. 567.)

The order of the vice chancellor must be reversed, with costs; and the injunction is dissolved.