EMMA LEORA GRIFFIS AND THERON GRIFFIS, Infants, by their next friend, AND AUSTIN GRIFFIS, *vs.* SAMUEL STODDARD, MAJOR F. LOCKWOOD, DANIEL D. BARNEY, MARIETTE BARNEY, SMITH M. BROWN, JOHN BENNETT, ANDREW S. TAGGETT, JOHN PIKE AND ALANSON GRIFFIS.

Bill of complaint multifarious.

It is a general rule that equity has concurrent jurisdiction with the courts of law in cases of fraud; but not to impeach a will for fraud or incompetency of the testator, though the court of equity may retain a bill involving such a question, to obtain the decision of the proper court, and then to decree accordingly.

Where there is concurrent jurisdiction, the right to maintain jurisdiction attaches to the tribunal that first exercises it.

Probate Courts have jurisdiction to try all questions touching the validity of wills of personal as well as real estate.

The judgment of every court on matters within its jurisdiction, is conclusive on every other court.

*Saginaw Circuit, in Chancery.*

General demurrer to bill by defendants, Stoddard, Lockwood and Barney.

*By the Court,* SUTHERLAND, J.—It appears by the bill that

Julia W. Griffis, died on the 14th day of May, 1863, possessed of certain real estate situate in the county of Saginaw. That on the 14th day of February, 1863, she made a will disposing of said real estate, and on the 6th of April following, a codicil. That since the death of the testatrix the will and codicil have been proved and allowed by the Probate Court of said county, and letters testamentary issued to defendant, Stoddard, the executor therein named.

The infant complainants claim as heirs-at-law, and Austin Griffis under a conveyance from defendant Griffis, of his alleged estate by the curtesy as the husband of the said Julia W. Griffis. As to defendants Stoddard, Brown, Bennett, Taggett and Pike, the complainants seek to have their respective claims as heirs, and by the curtesy, established, and to avoid the will, on the ground of fraud and incompetency of the testatrix, and the codicil on the ground that the testatrix did not execute it, and that it was not seasonably filed in the Probate Court to render effectual certain eleemosynary bequests. *Comp. L.,* § 2032.

The other defendants are not alleged to claim under the will, but under a lease executed in her life-time by Mrs. Griffis and her husband, and which complainants ask to have set aside for uncertainty, and because of her alleged lunacy when it was executed.

Austin Griffis states no case for relief in his own behalf against the defendants claiming under the will, and has a perfect remedy at law, if any where, on the case stated against the other defendants.

H has no interest in the question relating to validity of the will and codicil. They only affect the claim of the other complainants.

The bill is manifestly multifarious. *Story's Eq. Pl.,* Sec. 271 ; 1 *Dan. Ch. Pr., pp.* 395, 396, 397 ; *Swift vs. Eckford,* 6 *Paige,* 22, 28.

It is a general rule that equity has concurrent jurisdiction with the courts of law in cases of fraud. But it does not exist to impeach a will for fraud or incompetency of the testator. 1 *Story's Equity,* Sec. 184 and note; *Adams' Equity, pp.* 175, 248 ; 15 *Ohio,* 345 ; *Bennett vs. Vade,* 2 *Atk.,* 324 ; *Gingoll vs. Horne,,* 9 *Sim.,* 539 ; *Jones vs. Frost,* 3 *Madd.,* 1 ; *Jones vs. Jones,* 3 *Meriv.,* 171 ; or at all events not unless it appears that there is not a perfect remedy at law. *Brady vs. McCosker,* 1 *Comsk.,* 214.

It seems the Court may retain a bill involving such a

cree accordingly. *Colton vs. Ross*, 2 *Paige*, 396 ; *Van Alst, vs. Hunter*, 5 *John. Ch. R.*, 148 ; *Gaines vs. Chew*, 2 *How.*, ( *U. S.,*) 619, 645 ; *Muir vs. Trustees*, 3 *Barb. Ch. R.*, 477.

If the case of wills did not form an exception to the concurrent jurisdiction of equity, this Court would have no ground of jurisdiction to interfere after another court having a like jurisdiction had either taken cognizance of the case or decided it. Where there is a concurrent jurisdiction, the right to maintain jurisdiction attaches to that tribunal that first exercises it. *Stocton vs. Williams*, 1 *Doug.*, 565.

The Probate Court has a clear acknowledged jurisdiction to try and decide all questions touching the validity of wills of personal, as well as of real estate. Chap. 92, *Comp. Laws.*

The judgment of every court on matters within its general or limited jurisdiction, whichever it may be, is conclusive and binding on every other court. 1 *Greenl'f Ev.*, Secs 522, 525, 550.

The determination of the Probate Court allowing the will and codicil in question is of this conclusive character. This effect not only follows from the general principle just stated, but is directly declared by the statute. § 2844, *Comp. L.*

The demurrer allowed.