MARY CATHARINE REED AND ALBERT A. NUNEZ, HER TRUSTEE, v. THOMAS GANNON AND OSMON REED, JR.

The absolute sale and conveyance of personal property by one having possession, not only affirms, but warrants a perfect title.

Where a husband and wife entered into articles of separation with a trustee, whereby the husband transferred to the latter certain personal property, to be held for the sole use of the wife, and agreed to discharge any lien existing upon the chattels within ninety days, and the trustee covenanted to save the husband harmless from all the debts of the wife, and it appeared that the husband had executed a prior mortgage upon the chattels, without the knowledge of the trustee or wife, which mortgage had never been filed,—*Held* in an action against the husband and mortgagee for an injunction restraining them from interfering with the property, that the trustee was a *bona fide* purchaser, and the provision in the articles in regard to the discharge of liens was merely precautionary.

*Held,* also that, it was too late to take the objection for the first time in the appellate court, that the case was one relating solely to personal property and a mere premeditated trespass, and was not cognizable by a court of equity.

Appeal by one of the defendants from judgment at special term.

This was an action for an injunction against the defendants restraining them from seizing certain personal property of the plaintiffs.

In September, 1864, the plaintiff Mrs. Reed was married to the defendant Reed with whom she continued to live till shortly prior to April 24th, 1867, when they separated by mutual consent. On April 27th, 1867, a deed of separation was executed, to which the plaintiff and defendant Reed and the plaintiff Nunez, as the wife's trustee, were parties, whereby Reed transferred to the trustee, for the use of his wife, the chattels in question, it being covenanted by the wife and her trustee that the same were received "in full satisfaction for her (the wife's) support and maintenance, and for all alimony whatever," on condition that all mortgages, liens, or encumbrances on the chattels should be promptly discharged, declaring however, that Mrs. Reed did not admit the validity as against herself of any outstanding mortgage or lien. The trustee further covenanted, with certain qualifications, "in consideration of the premises," to save the husband harmless against all debts of his wife theretofore contracted, or which might thereafter be contracted, and to reimburse him in case he should be compelled to pay any such debts. The wife and her trustee also covenanted that should Reed at any time own, and be desirous of conveying, any real estate, the wife shall join in the conveyance thereof, and release her dower therein. Reed covenanted that he would pay off and discharge any lien, mortgage, or encumbrance of whatsoever kind or description, existing on said chattels within 90 days, and declared he did not assume any liability beyond the amounts of the existing liens on the chattels. On the 31st of January, 1867 (prior to the separation of Reed and his wife), the former borrowed $1,500 from the defendant, Gannon, to whom, on the 6th of February following,

he executed a mortgage, to secure the indebtedness on the chattels in question. The mortgage was not accompanied or followed by any delivery or change of possession, and was not filed till the 10th of May, 1867, neither the wife nor her trustee, at the time said deed was executed, having knowledge of the existence of the mortgage. On the 19th of July, 1867, Gannon attempted to take possession of the goods under his mortgage, which he was prevented from doing by a provisional injunction granted in this action, which was instituted with a view to obtaining, on the final hearing thereof, a perpetual injunction restraining the defendants, Gannon and Reed and each of them, from interfering with the plaintiffs' possession of the property in question. The action was tried at special term, Gannon alone appearing and defending. Judgment was rendered perpetually enjoining the defendants, as prayed in the complaint.

The judge at special term delivered the following opinion:

DALY, Chief Justice. The voluntary gift of the property in question, in the first instance by Reed to his wife, he remaining together with her thereafter in the actual possession and enjoyment of it, is not available to defeat a subsequent mortgage by him of the property to a third person for a valuable consideration. (*Buckle* v. *Mitchell*, 18 Ves. 100; *Beach* v. *Beach*, 2 Hill, 260; *Allen* v. *Cowan*, 28 Barb. 99; *Neufville* v. *Thomson*, 3 Edw. Ch. 92; Macquean on Husband and Wife, 280.)

The mortgage which Reed executed to Gannon of the property was for a valuable consideration. It was given to secure the payment of fifteen hundred dollars which was loaned by Gannon to Reed,—a fact established by the testimony of each, which was not disputed by the plaintiff. After the mortgage was given, but before it was filed, the articles of separation were entered into between Reed and his wife, and the plaintiff Nunez, as her trustee, by which the property in question was transferred to Nunez, as trustee, for her sole use and benefit, the trustee on his part covenanting to save Reed harmless from all debts of the wife then existing, or thereafter to be contracted, and to repay any debts of hers which he,

Reed, might thereafter be compelled to pay. This engagement, on the part of the trustee, was a sufficient consideration to support the agreement, and made it valid and effectual. ( *Worrall* v. *Jacobs*, 3 Meriv. 256 ; *Stephens* v. *Olive*, 2 Bro. C. C. 91 ; *King* v. *Brewen*, *id.* 93, note ; *Compton* v. *Collison*, *id.* 386 ; *Fitzer* v. *Fitzer*, 2 Atk. 514 ; *Page* v. *Trufant*, 2 Mass. 161 ; *Simpson* v. *Simpson*, 4 Dana, 141 ; *Carson* v. *Murray*, 3 Paige, 500.)

If there had been no such engagement entered into on his part, the agreement might be treated as a mere voluntary settlement, which would be considered void as against creditors, but the existence of this consideration makes it valid, and vests the legal title to the property in the trustee. ( *Wheeler* v. *Caryl*, Amb. 121 ; *Clough* v. *Lambert*, 10 Sim. 174 ; *Cottle* v. *Frip*, 2 Vern. 220 ; Prac. in Chy. 101, 113, 425 ; Macquean on Husband and Wife, 276, 277.)

As Gannon's mortgage was not filed when the articles of separation were executed, it would not affect the title of the trustee, if he may be regarded under the statutes, (Laws of 1833, Ch. 279), as a subsequent purchaser in good faith. A purchaser in good faith is one to whom the property has been transferred, upon a valuable consideration, without notice of the existing incumbrance, and I cannot say, upon the evidence presented at the trial, that the trustee had notice of the existence of the mortgage. The agreement on the part of Reed, in the articles of separation, to pay off and discharge any lien, mortgage, or incumbrance existing upon the property, or the declaration therein by Mrs. Reed that she did not intend thereby to admit the validity of any outstanding mortgage, lien, or incumbrance upon the property, does not necessarily imply a knowledge on the part of the plaintiffs of the existence of Gannon's mortgage, as there was another mortgage upon the property which had been given by Reed, and which, from all that appears, may have been given before the articles of separation were entered into, and may have been the incumbrance to which the articles referred. Bad faith is not to be presumed. I would not be justified in presuming that the trustee became a party to the agreement for the transfer of the

property to him in trust for the wife, with the knowledge of. of the fact that it had been already mortgaged to Gannon to secure the payment of a sum equal to the whole value of it. Nunez was a witness at the trial, and the question might have been asked him, if the defendant had thought proper to put it; or if the fact that Nunez had no knowledge of the mortgage, was one that it was incumbent upon him to show, being peculiarly within his knowledge, the objection of want of proof should have been taken at the trial, when the evidence might have been supplied. As this was not done, and I cannot presume that he had notice of this incumbrance.

Judgment must, therefore, be given for the plaintiff.

The defendant Gannon appealed from the judgment.

*A. J. Perry*, for appellant.

*James Clark*, for respondent.

By the Court.*—Robinson, J. The controversy in this action is as to the title to certain articles of personal property, transferred by the defendant Reed to the plaintiff Nunez on April 27th, 1867, under and by virtue of certain articles of separation executed *triparte* between Reed and his wife Mary (one of the plaintiffs) and the plaintiff Nunez, in which Nunez became trustee for the benefit of the wife, and assumed obligations to and with her husband, in respect to her future conduct and separate maintainance. He was undoubtedly a *bona fide* purchaser of the property in question (as trustee for Mrs. Reed), with the superadded covenants and obligations assumed by him personally, on her behalf, and no notice of the claim to the property made and attempted to be asserted by the defendant Gannon, is shown to have been given him prior to his acquiring title and incurring such obligations. Gannon claims the property under a chattel mortgage executed to him by the defendant Reed, dated in February, 1867, to secure the loan of $1,500 which he made to Reed; but such mortgage was not filed in the office of the Register of the city and county of New York, where Reed resided, until after the defendant, Nunez,

---

* Present—Robinson, Loew and Larremore, JJ.

had acquired title to the property, under the articles of separation, and had obtained and held possession of it, under such title. Under such circumstances, there can be no question as to the superior legal title of Nunez, as trustee, under the articles of separation as a purchaser without notice, unless the clause therein that Reed, the assignor, would " within ninety days from the date hereof pay off and discharge any lien, mortgage or incumbrance " upon the property conveyed to the trustee, in itself charged him with notice of Gannon's unrecorded or unfiled mortgage. No actual notice to Nunez of its existence is shown on the part of the defendant, and there is no rule of law that requires the plaintiff in such case to prove a negative.

Proof of the actual payment or the incurring of such obligation as constitutes the consideration of the subsequent conveyance, without evidence of actual or constructive notice of a prior right, renders the party so advancing the consideration money or incurring the obligation, a *bona fide* purchaser.

The absolute sale and conveyance of personal property by one having possession, not only affirms but warrants a perfect title (*Mednia* v. *Stoughton*, 1 Salk. 210 ; *Scranton* v. *Clark*, 39 N. Y. 223.), and the provision in the assignment or transfer above quoted, referring to incumbrances to be discharged by the assignor, was general in its terms and merely precautionary. It made no special designation of any of the incumbrances of the character stated, and provided merely for the contingency of their possible existence. It in itself contained no notice of the existence of Gannon's mortgage. Under the proofs offered, Nunez, the trustee, was a *bona fide* purchaser, without notice of that mortgage.

As to the objection, that this action was not cognizable by this court, acting as a Court of Equity, it appears it was brought to secure the peaceable enjoyment by the plaintiffs of the rights conferred on them by the articles of separation.

No objection was taken, by the answer or on the trial, that the case was one relating solely to personal property and a mere premeditated trespass, but the title to the property and the right to its possession and enjoyment were litigated on the trial, without question as to whether or not the action was one

of purely equitable cognizance; such objection not being taken while the action was pending, was waived, (*Truscott* v. *King*, 6 N. Y. 147; *Grandin* v. *Le Roy*, 2 Paige, 509; *Le Roy* v. *Platt*, 4 Paige, 77; *Bk. of Utica* v. *Utica*, 4 *id.* 399), and can not be raised on the appeal.

The opinion rendered by the court below fully sustained this claim, and the judgment was, in all respects correct, and should be affirmed with costs.

Judgment affirmed.