Jennings v. Whittemore.

---

JENNINGS *et al.* v. WHITTEMORE *et al.*, appellants.

*Partnership — conspiracy of one partner with third party — Equitable relief —
Parties — Evidence — former judgment.*

E. and W. conspired to have a debt owed by E. to W. paid with the assets of a firm in which E. was co-partner, and E. gave W. the firm note for that purpose. W. began an action upon the note, and procured an attachment against the firm property. Plaintiffs, who were the remaining members of the firm, began an equitable action, setting forth the above facts and the insolvency of the firm, and asking that such firm be dissolved, a receiver appointed, an accounting had, and that W. be restrained from interfering with the partnership effects, and that his attachment be declared a lien upon the interest of E. only. *Held,* (1) that an objection that plaintiffs had an adequate remedy at law could be taken only by demurrer or answer; (2) that

plaintiffs were entitled to the relief demanded; (3) that W. was a proper party defendant.

In the complaint plaintiffs set up the pendency of the action by W. against the firm. In that action the plaintiffs in this action defended, and were successful. *Held*, that the judgment in the first-named action was admissible in evidence at the trial of this action.

APPEAL from a judgment entered at the Oswego special term on a trial by the court in an equity case. The facts appear in the opinion.

*J. A. Hathway*, for appellant.

*D. Baldwin*, for respondents.

TALCOTT, J. The plaintiffs, Jennings and Trowbridge, were in coparternership with the defendant Ellicott. The defendant Whitemore conspired with Ellicott to have Ellicott give him a note, purporting to be the note of the firm, for a debt due from Ellicott alone, with a view of levying the amount out of the copartnership assets. Ellicott made the note, and then absconded temporarily, so that Whittemore was enabled to, and did commence, a suit against the firm on the note, and seized the partnership effects upon an attachment. Whereupon the other partners, Jennings and Trowbridge, commenced this action, against Wittemore, Ellicott and the sheriff who served the attachment, setting forth substantially the facts above stated, and that the copartnership was insolvent, and asking that it be dissolved and a receiver appointed, and for an accounting between the members of the firm; that Ellicott and Whittemore be restrained from disposing of, or meddling with the property and effects of the firm during the action; that it be determined whether the attachment was a lien on the partnership property, or only on the interest of Ellicott, and for other relief. The defendants answered, and the complaint was dismissed as to the sheriff, Tucker, but judgment was rendered as to the other defendants. What judgment was rendered does not appear from the present case. Whittemore appealed from the judgment, and it was reversed and a new trial granted by the general term of the fifth district, upon what grounds does not appear. The cause was tried again and a judgment rendered, from which the present appeal is taken. The decree is to the effect that the note for $1,500 was

made by Ellicott for his own individual benefit, without the knowledge or consent of his copartners, and that such fact was known to Whittemore when he took the note. And it is further decreed that the copartnership be dissolved, that a receiver of the effects be appointed, and that the note of $1,500 be treated as the individual debt of Ellicott, and not as a debt of the firm.

It appears that during the progress of this suit, the suit in which the attachment was issued went to trial, and the present plaintiffs, Jennings and Trowbridge, successfully defended against that suit on the ground of infancy. What questions were designed to be presented on this appeal is not very apparent. No exceptions were filed to the decision of the special term. The case contains only two exceptions: one on the denial of a general motion for a non-suit without any specification of any ground, and the other, an exception to the admission in evidence of the judgment roll in the action commenced by Whittemore against the three partners, upon the ground that it is not within the pleadings. The motion for a nonsuit was probably unavailable to raise any question. *Binsse* v. *Wood*, 37 N. Y. 526; *Webb* v. *Odell*, 49 id. 583. The objection to the admission of the judgment record was frivolous. The action was commenced and was pending when this suit was commenced, and the fact of its commencement was alleged in the complaint, and put in issue by the answer of Whittemore. The fact that after issue joined in this suit the former action had proceeded to judgment did not debar the plaintiffs from proving it, and the record was the proper evidence of it. The points presented by the counsel for the appellant seem to be founded upon the idea that the plaintiffs were not entitled to any decree to the effect that they were not, and the partnership assets were not, bound by the $1,500 note, upon the ground that, so far as that is concerned, the plaintiffs had an adequate remedy at law. If this question had been raised by any proper exception to the decision, it would not be available in this case. The objection that there was an adequate remedy at law was not taken by demurrer or answer. By answering, without objection that there is an adequate remedy at law, the defendant submits his defense to the cognizance of the court. And the court of equity will, in such cases, retain the cause, provided it has jurisdiction of the subject-matter and is competent to give relief. 2 Paige, 509; 3 id. 313; 11 id. 596. The objection that the plaintiff has a remedy at law cannot be made at the hearing, if not set up in the answer.

*Truscott* v. *King,* 6 N. Y. 147. But the plaintiffs had an equitable title to relief, as against Whittemore as well as Ellicott, upon the allegations of their complain. Whittemore was attempting to reach and convert the assets of the firm on a debt due from Ellicott alone, under color of the false and fraudulent pretense that the debt was due from the firm, and was a lien on the assets of the firm. The partnership was insolvent, and the acts of Ellicott and Whittemore in furtherance of the attempt to appropriate the effects of the firm, to the payment of the individual debts of Ellicott, were a fraud against the other partners and against the creditors of the firm. The other partners had a right to have an account taken, a receiver appointed, and the assets of the firm appropriated to the firm creditors, and to a suit for this purpose; Whittemore, who, by his fraudulent note and attachment, was conspiring with Ellicott to divert the copartnership assets from the payment of the partnership debt, was a proper party. The fact that the plaintiffs had a defense at law, against the note, did not deprive them of the right to have an injunction, receiver and account in equity. We see nothing in the judgment in this case, of which, assuming the facts to have been correctly found, the defendant Whittemore can have any just cause to complain.

The judgment must be affirmed, with costs of the appeal to be paid by defendant Whittemore.

*Judgment accordingly.*