De Bussierre agt. Holladay and others.

# SUPREME COURT.

CASSANDRA CALVERT DE BUSSIERRE, plaintiff, agt. BEN HOL-
LADAY and others, defendants.

*Remedies at law and in equity — jurisdiction — action to set aside a will —
pleading — motion to dismiss complaint on the trial.*

The objection that the plaintiff's remedy upon the facts stated in the com-
plaint is at law and not in equity may be taken at the trial, although
not set up in the answer, if taken before the defendant has submitted
to the equitable jurisdiction of the action by proceeding to the trial
on the merits (*Pam* agt. *Vilmar* [54 *How. P. R.*, 235], *as to this point,
explained*).

An omission to demur or answer for such cause is no waiver of the objec-
tion that the court has no jurisdiction of the action, or that a cause of
action is not disclosed by the complaint. The term *"jurisdiction"* in
such case explained.

There is no absolute want of jurisdiction in a court of equity to entertain
an action to revoke a will or its probate for fraud.

Where a complaint contains a cause of action it cannot be dismissed upon
the ground that the plaintiff's remedy is at law and not in equity. The
trial must proceed either before the court or a jury according to the
nature of the case.

The probate of a will obtained through fraud can be questioned in a court
of equity, and may, upon sufficient grounds, be set aside where the
court which granted the probate is powerless to give relief.

The *legal* remedy must be clear and ample to justify a court of equity in
refusing to entertain an action to set aside a will. Where there is no
complete remedy at law equity will entertain jurisdiction. The issues,
in so far as they present questions of fact, should, however, be submit-
ted to a jury.

Relief may also be had in such action under chapter 238 of the Laws of
1853.

*Special Term, November,* 1877.

MOTION made by defendants' counsel upon the opening of the case by the plaintiff's counsel, and before any proof was offered, to dismiss the complaint.

*Butler, Stillman & Hubbard,* attorneys, and *William Allen Butler,* of counsel, for plaintiff. `

*Shipman, Barlow, Larocque, & MacFarland,* attorneys, and *William W. MacFarland,* of counsel, for defendant Benjamin Holladay.

*William Reynolds Brown,* attorney, and *Henry E. Davis,* of counsel, for defendant Mutual Life Insurance Company.

*Miller & Peckham,* attorneys, and *Wheeler H. Peckham* and *Jno. K. Porter,* of counsel, for defendants August Belmont and another.

VAN VORST, *J.* — Various grounds are urged for the dismissal of the complaint, but they in the end assume the formal statement made by the counsel for one of the defendants that this being an equitable and not an action at law it does not state a case proper for the consideration of a court of equity.

The same objection, in substance, is interposed by the counsel of another defendant of want of jurisdiction of the court to hear the case, and, further, that the complaint fails to state facts sufficient to constitute a cause of action. These objections are supplemented by the statement that if the plaintiff is entitled to any redress it must be sought at law, and that the allegations of the complaint do not contemplate legal but equitable relief.

For the purposes of this motion every fact averred in the complaint must be considered as true, and every legal intendment from the facts must be in favor of the plaintiffs.

Regarding the objections interposed by the defendants that the plaintiff's remedy is at law through an action of ejectment

the plaintiff's counsel urges that this objection should have been taken by pleading; and that having answered to the merits without interposing such objection in their pleading the defendants cannot raise it on the hearing.

The rule of the court of chancery upon this subject is stated in *Grandin* agt. *Le Roy* (2 *Paige*, 509): "After a defendant has put in an answer to a bill in chancery submitting himself to the jurisdiction of the court, without objection, it is too late to insist that the complainant has a perfect remedy at law, unless this court is wholly incompetent to grant the relief sought by the bill" (*Hawley* agt. *Cramer*, 4 *Cowen*, 727; *Le Roy* agt. *Platt*, 4 *Paige*, 81).

In all these cases the objection was first taken at the hearing, and after the parties had gone to the expense and trouble of taking proofs.

It was then too late to ask the court to turn the complainant over to a new suit (*Cumming* agt. *The Mayor of Brooklyn*, 11 *Paige*, 596).

In *Truscott* agt. *King* (6 *N. Y.*, 147), being an appeal from a judgment affirming the decree of the vice-chancellor, the rule of the court of chancery was applied, that an objection of this nature came too late at the hearing, it not having been raised in the answer.

In *Cox* agt. *James* (45 *N. Y.*, 557, *p.* 562), GROVER, J., applied the rule to actions in this court, and in terms, said the question whether the plaintiff had not an adequate legal remedy for the disturbance of a right of way did not arise, " as it was not insisted upon in the answer," and in support of his ruling, the learned judge cites *Le Roy* agt. *Platt*, and *Truscott* agt. *King* (*supra*).

The plea and answer to a bill in the court of chancery, differs both in structure and effect from an answer under the Code of Procedure. An objection of the nature we are now considering could be set up by answer or plea. And as after the answer was interposed to the bill of complaint, the proofs were taken, before the cause was brought on for a hearing,

De Bussierre agt. Holladay and others.

it was, doubtless, the rule that, by answering and proceeding to take proofs upon the merits of the controversy, the defendant was held to have submitted himself to the equitable cognizance of the action.

But the Code of Procedure in force when the answers in this action were interposed, limits an answer to a general or specific denial of each material allegation of the complaint controverted by the defendant, and to a statement of any new matter constituting a defense or counter-claim (*sec.* 149).

The objection we are considering comes under neither head. It does not involve a denial of the allegations of the complaint, nor does it rest upon new matter, but arises from the plaintiff's own statement of his cause of action.

In this view I do not see that the defendant is called upon, or could well raise this objection by answer.

If the defendants are right in their contention, that this court has no jurisdiction of the subject of this action, such objection could have been taken by demurrer. But neither that objection nor the other, that the complaint does not state facts sufficient to constitute a cause of action, are waived by an omission to interpose them by answer or demurrer (*sec.* 148).

Objections of this character may be interposed at the trial. Both of these objections are now urged, and if they are well taken the complaint must be dismissed, notwithstanding the defendants have answered to the merits.

And if the allegations of this complaint be regarded as addressed exclusively to the equitable jurisdiction of this court, and as not setting up a claim or cause for redress purely legal, and if there be a failure of allegations entitling the party to equitable relief, the same result must follow (*Town of Venice* agt. *Woodruff et al.*, 62 *N. Y.*, 462, *p.* 467).

The rule prevailing in the court of chancery, proper under its system of pleading and practice, that an objection of this character could not be first taken at the hearing, seems to be inapplicable to the changed conditions under the system which

De Bussierre agt. Holladay and others.

now prevails, under which the hearing of the case is not had upon evidence upon the merits previously taken, and which, if taken without objection, might properly be considered as a submission to the equitable cognizance of the action, but the same is taken in court before the judge who decides the cause. *Cessante ratione legis cessat lex.*

I should consider, therefore, that the objection, that the plaintiff's remedy is at law, rather than equity, or that the court, as a court of equity, has no jurisdiction of the matters set up in the complaint, can be taken at the trial at special term, if interposed before the parties have proceeded to the actual trial of the action before the judge, by the introduction of evidence upon the merits. That would be proper to secure, if the complaint contained a statement of a legal cause of action, its disposal in the ordinary manner by a jury.

In the case of *Green* agt. *Milbank* (*Abb. New Cases, vol.* 3, *p.* 138), lately tried before me at special term, an objection was interposed that the plaintiff had an ample remedy at law. Such objection was not, however, taken by the defendant's counsel until the evidence was in and the case submitted. Following the rule of the court of chancery, it was stated in the opinion that the objection should have been taken by answer; that was not necessary to have been said under the condition of the case, and the same may be said of *Pam* agt. *Vilmar* (54 *How. Pr.*, 235).

It is urged by the learned counsel for the defendant, in support of their motion to dismiss, that the plaintiff seeks to set aside a will of both real and personal estate, and to establish another will in its stead, and that a court of equity will not entertain jurisdiction to set aside a will for fraud; that plaintiff's remedy, if any, is at law.

There are authorities, English and American, to the effect that equity will not interfere in such cases when there is an adequate remedy at law (*Brady* agt. *McCoskee*, 1 *Comst.*, 214; *Clark* agt. *Sawyer*, 2 *id.*, 498; *Armitage* agt. *Wadsworth*, 1 *Mad.*, 189; *Herrick* agt. *Bransley*, 7 *Brown's P. C.*, 437;

*Broderick's Will,* 21 *Wall.,* 503; *Colton* agt. *Ross,* 2 *Paige,* 396).

The basis of this conclusion is, that the jurisdiction as to the validity of a last will and testament belongs to other tribunals. When a will respects personal estate, it belongs to the ecclesiastical or surrogate's courts, and when it respects real estate it belongs to the courts of common law (*Story's Equity Juris.,* §§ 184, 238, 1445; *Sheffield* agt. *Duchess of Buckinghamshire,* 1 *Atk.,* 629).

In the case of *Colton* agt. *Ross* (*supra*) the chancellor said: " If the defendant does not object to the jurisdiction, this court may undoubtedly award an issue *devisavit vel non,* and upon the finding of the jury may pronounce against the validity of a will of real estate. But if the complainant has a perfect remedy at law, and the defendant raises that objection by demurrer to the bill, or insists on it, by way of objection to the jurisdiction of the court in his answer, the complainant should be left to seek his redress in the appropriate tribunal." There is not absolute want of jurisdiction in a court of equity to set aside the probate of a will of real estate, and the will itself. That is conceded in *Colton* agt. *Ross,* when it is stated that upon the finding of a jury under an issue *devisavit vel non,* the court may pronounce against the validity of a will of real estate.

*Brady* agt. *McCoskee* and *Clark* agt. *Sawyer* (*supra*) hold that a court of equity can adjudicate upon such question when the parties have submitted themselves to the jurisdiction, or when the legal remedy is inadequate, or when it relates to a part only of the real estate embraced in the will.

In *Van Alst* agt. *Hunter* (5 *Johns. Ch.,* 149) jurisdiction was entertained and fully exercised, but no objection appears to have been interposed of the nature we are now considering (*Rogers* agt. *Rogers,* 3 *Wend.,* 504, *p.* 515).

The term jurisdiction, as used in relation to inquiries of this character, does not refer to the naked question of power, but rather to the fact that such power has or has not been usually

exercised (*Bangs* agt. *Duckinfield*, 18 *N. Y.*, 595), and I am inclined to the opinion that the want of jurisdiction for which a demurrer may be interposed under the Code, and which was not waived by an omission to demur or answer for that cause, is when the cause of action disclosed by the complaint is not properly cognizable by any court of justice to which the provisions of the Code are applicable (*Moak's Van Santvoord's Pleadings*, 737).

If the complaint discloses a cause of action this court, as now organized, has jurisdiction to try it and render a valid judgment therein whether the relief to be awarded be equitable or legal, or both.

A court of chancery would decline to entertain jurisdiction where the remedy at law was clear and adequate. But since the abrogation of that court in this state and the transmission of its jurisdiction and powers to this court it cannot be urged, as an objection to an action therein, that the remedy of the plaintiff is at law and not in equity; for this court has jurisdiction of causes, equitable as well as legal, the one to be tried before the court the other before a jury. The real question to be determined is, does the complaint disclose a cause of action? If it does it cannot be dismissed.

The trial of the action will proceed in such contingency before the court or jury according to the nature of the case (*Davis* agt. *Morris*, 36 *N. Y.*, 569; *Broiestedt* agt. *So. Side R. R. Co.*, 55 *id.*, 220; *Sternberger* agt. *McGown*, 56 *id.*, 12; *Corning* agt. *Winslow*, 40 *id.*, 191, 207; *Phillips* agt. *Gorham*, 17 *id.*, 270).

I apprehend that this conclusion is not at all inconsistent with the statement that when a party has an adequate remedy for redress or relief at law against an instrument which he seeks to have canceled, and his complaint asks such relief only through the equity powers of the court, that his complaint will be dismissed. If entitled to come into court at all affirmatively it could only be for equitable relief, and that will be denied him and he be left to interpose his defense at law

when the instrument is sought to be enforced against him. That was the ground of the decision in the *Town of Venice* agt. *Woodruff* (*supra*), and other cases of a like nature, of which *Bruner* agt. *Meigs* (64 *N. Y.*, 506) is an illustration. But when the complaint states only an equitable cause of action, which the plaintiff fails to establish on the trial, the cause will not be held to enable the party to make out a legal claim where the facts constituting a legal claim are not stated (*Sternberger* agt. *McGown, supra, page* 21).

In the light of these principles the complaint of the plaintiff in this case should be considered. Its allegations, for the purposes of this motion admitted, establish that the plaintiff while under age and incapable of legally acting for herself was the subject of an unnatural fraud perpetrated against her and the infant child of her deceased sister for whom she was a trustee under the will of her mother.

The father and brother of the plaintiff, with their agents and attorneys, combined to secure the substitution of a revoked will, made by the plaintiff's mother, in favor of the plaintiff's father, in 1871, for her last will and testament made in 1873, in favor of her children and grandchildren.

Although this result was secured through the form of law, it was the offspring of collusion between the active parties above indicated.

The testatrix was of sound and disposing mind when the last will was made, and the fact could have been established to the satisfaction of the surrogate by competent testimony, and which was purposely withheld by the persons charged with, and who assumed the duty of, attending to the probate, he acting in collusion with those interested in establishing the prior will. The complaint certainly exhibits facts which entitle the plaintiff to relief. It seeks not only to set aside the probate of the will of 1871, alleged to have been fraudulently obtained, and the will itself, but also the establishment of the will of 1873.

It also asks for the determination of the rights of the plain-

tiff, in respect to the trusts created by the will of 1873, and the removal of certain mortgages alleged to have been fraudulently placed upon the realty, by the persons chiefly interested under the will of 1871.

Do these allegations entitle the party to equitable relief, or is there adequate remedy by a strict proceeding through an action at law?

I cannot find that there is any redress in the surrogate's court. By admitting the will of 1871 to probate, in so far as it relates to real property, the power in the surrogate was exhausted.

With respect to wills of personal property, there may be further proceedings before the surrogate, if taken within one year from the probate (2 *R. S.*, 61, *sec.* 29 ; *Matter of last will of Kellum*, 50 *N. Y.*, 299).

But the effect of the probate of the will is to make the record of the same effectual as evidence in all cases as the original will would be if produced and proved, and may be repelled in like manner by contrary proof (*R. S.*, 58, *sec.* 15). The record is not conclusive as to the validity of the will.

But if the probate was obtained by fraudulent contrivance and collusion, and by an imposition upon the court which granted it, and that court be powerless to grant relief, I should say that the probate could be questioned in a court of equity and, if the facts warrant such judgment, that it should be set aside.

"Fraud is an extrinsic, collateral act, which vitiates the most solemn proceedings of courts of justice" (*Duchess of Kingston's Case*, 20 *Howell St.*, 538). "It avoids all judicial acts, ecclesiastical or temporal" (*Fenna's Case*, 3 *Rep.*, 78 *a*).

And the validity of a decree of a court of competent jurisdiction upon parties legally before it may be questioned, on the grounds that it was pronounced through fraud, contrivance or covin of any description (*Earl of Brandon* agt. *Beecher*, 3 *Cl. & Fin.*, 510 ; *Perry* agt. *Middicroft*, 10 *Beav*, 122 ; *O'Mahony* agt. *Belmont*, 22 *N. Y.*, 145 ; *affirming S. C.*, 5 *Jones & Spencer*, 223 ; *Ross* agt. *Wood*, 8 *Hun*, 185, *lately*

De Bussierre agt. Holladay and others.

*affirmed in the court of appeals*, ALLEN, *J.; Dobson* agt. *Pearce*, 2 *Kern.*, 165).

I should conclude that, as far as the probate of the will is concerned, it may be questioned in this action, and that if it should be established, as is alleged, that it was obtained through a fraudulent and collusive arrangement, by which the truth was withheld, and a falsehood allowed to prevail with respect to the competency of the testatrix, that the party obtaining the advantage by such contrivance, should, by judicial decree, be deprived of every advantage which such probate would give him, and the probate to this end be actually annulled.

As to the goodness of the will itself, involving the question whether or not it had been revoked, it is possible that that question might be determined in an action of ejectment, brought by a person entitled to any portion of the land under the will of 1873.

But I do not think that a remedy by ejectment would fully determine all the questions involved, or adequately secure all the plaintiff's rights.

It is to be observed that the question is not whether the will of 1871 is genuine, but whether or not it has been revoked by a subsequent will, equally genuine.

The decree of the surrogate decides that it was not revoked. But that result was procured through fraud.

This plaintiff is not only a devisee in her own right, but she is a trustee under the will for others, whose interests she is bound to protect, and to this end to invoke the aid of the court in appropriate methods.

Courts of equity will entertain actions by a trustee to relieve against frauds of a ·nature kindred to those under consideration here, by which the right of persons entitled to equitable interests are prejudiced ( *Wright* agt. *Miller*, 8 *N. Y.*, 9). And the claim of the plaintiff to such actual possession of the land as would entitle her to maintain an action of ejectment in her character as trustee may be disputed.

What the rights of the plaintiff truly are in this regard, remain to be determined.

She has rights and claims, and is under duties legal and equitable, whilst she has a standing in her character as trustee to maintain an action in equity to adequately protect the interests of the *cestui que trust.* Such actions are not disfavored.

All the cases in this state, so far as I have been able to discover, which discuss the propriety of a court of equity entertaining an action to establish a will, or to set aside a will, contain the proviso, that in order to justify the court in refusing to entertain the action, the legal right must be clear and adequate. No complete legal remedy is open to the plaintiff to redress all the wrong, establish all the rights, and administer full relief.

The real estate has been fraudulently, as is alleged, incumbered with mortgages, and to prevent multiplicity of action, equity would seem to favor a single suit, to which all claimants and parties interested should be made defendants, whose rights, as well as those of the plaintiff herself, may be determined by one judgment. And such is this action.

The issues, in so far as they involve the truth of questions of fact, should be submitted to a jury, as is the practice of the courts in cases involving questions of fraud in respect to real estate (*Rogers* agt. *Rogers, supra*).

But aside from these considerations the act of 1853 (*chap.* 238) provides that the validity of any actual or alleged demise or will of real estate may be determined by this court, in a proper action for that purpose, in like manner as the validity of any deed conveying, or purporting to convey, land might be determined by this court. Issues of fact in such action may be tried by jury or the court, as the nature of the case may require, and the court shall direct.

The terms of this act are sufficiently comprehensive to entitle the plaintiff to bring this action.

The validity of the will of 1871 is questioned, It may be

determined in this action.    Its probate, in itself, interposes no valid obstacle to an inquiry here.

To maintain this action, since the statute of 1853, the invalidity of which complaint is made must be of a character kindred to that which would justify proceedings to question the validity of a deed.

The following cases present questions in which the invalidity of deeds was under consideration : *Lattin* agt. *McCarty* (41 *N. Y.*, 107), *Smith* agt. *Carll* (5 *Johns. Ch.*, 117), *Hay* agt. *Shafer* (6 *N. Y.*, 268), *Marvin* agt. *Marvin* (11 *Abb. P. R.* [*N. S.*], 102), also Story Equity Jurisprudence (*sec.* 437, 440).

I think these cases bring the plaintiff's action within the principle of the act of 1853, and the plaintiff's motion to dismiss the complaint should be denied.