ALBERT I. ADAMS, APPELLANT, *v.* LUCRECIA BECKER AND OTHERS, IMPLEADED WITH CYNTHIA W. ADAMS, RESPONDENTS.

*Will — an action for its construction may be brought by the testator's heir-at-law.*

In this action, brought by the sole heir-at-law of one Adams to obtain a construction of his will, it was alleged in the complaint as follows: "In view of the peculiar language of the said will and the uncertain, imperfect and conflicting provisions thereof, this plaintiff and the other parties to this action having doubts and conflicting opinions as to the true construction of the said will, and their respective rights and interest thereunder, and whether the same is void or valid in consequence of all which, the premises in this regard, the said estate is under a cloud and the value thereof and the title thereto uncertain."

The action was brought for the purpose of obtaining a construction of the will and determining to what extent, if any, the provisions of the will affected the title of the plaintiff to the real estate which would have descended to him, as the sole heir of the testator, had the latter died intestate.

The complaint was dismissed on the sole ground that the court did not possess jurisdiction to try and determine the question presented, there being no trust created by the will; that there was nothing alleged in the complaint which entitled the plaintiff to call upon the court for the exercise of its equity powers, and that, therefore, the complaint should be dismissed for want of jurisdiction.

*Held,* that the court possessed jurisdiction to decide this case upon the admitted facts, and to finally adjudicate, as between the parties thereto, as to the validity and effect of the clauses of said will relating to the disposition of the real estate in question.

That such jurisdiction was expressly conferred by the provisions of section 1866 of the Code of Civil Procedure, which conferred upon the court jurisdiction, on the application of the heir-at-law, to interpret the will and adjudge whether any of several devises were void, and also as to the nature and character of the interests of the several devisees in the real estate of which the testator died seized.

That such section of the Code changed the prior rule of the court, that an heir-at-law or a devisee who claimed a mere legal title to real estate of which the testator died seized, when there was no trust, could not come into a court of equity for the mere purpose of obtaining a judicial construction of the will, but must assert his title by legal action, or if in possession await an attack upon his title by some one who made a hostile claim.

*Hovey* v. *Purdy* (10 N. Y. State Rep., 40) distinguished.

Appeal from a judgment dismissing the plaintiff's complaint, entered upon the report of a referee.

The action was brought to secure a construction of the last will and testament of Albert Adams, deceased, disposing of both real and personal estate. The disposing clause of the will is as follows: "After the payment of all my honest debts and funeral expenses, I give and bequeath to my wife, Cynthia W. Adams, the use of one-half of both my real and personal property, together with the entire household furniture, etc., during her lifetime. I give the balance of my estate, both personal and real, to my son, Albert I. Adams, at his majority, and in case my son dies without issue, then I give my entire estate to my brothers, Ashel B. Adams. Isaac Adams and Willis Adams, and my sister, Lucretia Becker, to share and share alike. I also give to my father, Willis Adams, during his lifetime, the use of the house, barn and garden where he is now living. * * * In case my son Albert dies before my wife Cynthia, then I give and bequeath the use of three-fourths of my entire estate to my

wife during her lifetime, and the use of the remainder to my brothers and sister aforesaid."

*A. J. Abbott*, for the appellant.

*Hubbard & Coyne*, for the respondents.

BARKER, J.:

The complaint was dismissed on the sole ground that the court did not possess jurisdiction to try and determine the question presented. In the conclusions of law stated in the report the finding is as follows: " There being no trust created by the will, there is nothing alleged in the complaint which entitled the plaintiff to call upon the court for the exercise of its equity powers, and, therefore, the complaint should be dismissed for want of jurisdiction." The parties stipulated that the allegations of fact set forth in the complaint were true, and upon these facts the legal question upon which the complaint was dismissed is based. It is alleged in the complaint that the testator died in 1872, and before the commencement of this action the will was admitted to probate, the plaintiff, his son and the defendant Cynthia, his wife, surviving the testator, and being his only next of kin and heirs-at-law. At the time of the death of the testator the plaintiff was a minor, and at the time of the commencement of this action was of full age. Letters of administration, with the will annexed, were issued to the widow and one Charles A. Coykendall, who, prior to the commencement of this action, had a final settlement of their accounts before the surrogate, and there was then found in their hands, as the proceeds of the personal estate, the sum of $1,339.21. The real estate owned by the testator consisted of a farm of 130 acres, of the value of $6,000, and the house and lot mentioned in the will as occupied by Willis Adams, of the value of $400. The plaintiff and the defendant Cynthia, the widow, are now in the possession of the real estate and the avails of the personal estate, but the nature and character of such possession, and the mode and manner of their enjoyment, does not appear by the record. All the legatees and devisees are made parties. The administrator Coykendall is not a party, nor is there any allegation that any of the personal property or the proceeds thereof were in his hands, as administrator, undis-

posed of. The disputes, controversies and doubts existing between the parties, and the claims made by them, respectively, as to their rights and interests as devisees and legatees under the will, are stated in the complaint, as follows: "In view of the peculiar language of the said will, and the uncertain, imperfect and conflicting provisions thereof, this plaintiff and the other parties to this action have doubts and conflicting opinions as to the true construction of the said will, and their respective rights and interests thereunder, and whether the same is void or valid, in consequence of all which the premises in this regard the said estate is under a cloud, and the value thereof and the title thereto uncertain." The heir-at-law does not claim that the will is invalid for the reason that the testator did not possess testamentary capacity, nor because the will was not executed in the form and manner required by law, or that it was procured by fraud or undue influence. He only seeks a construction of the provisions of the will, that it may be determined by the judgment of this court to what extent, if any, they affect his title to the real estate which would have descended to him as the sole heir of the testator, had the latter died intestate. The pleadings do not state the claims made by the respective parties to the real estate as devised under the will, nor wherein they disagree as to the proper construction to be given to several provisions thereof.

The terms and provisions of the will, and the rights and interests which the respective parties have acquired in the real estate, are not so plain and simple as not to require a construction with a view of ascertaining their precise meaning by some one familiar with the law relative to such matters. The lay mind could not readily, and perhaps not correctly, determine the legal effect of the several provisions of the will and be able to inform the respective legatees and devisees concerning their true rights and interests. As the complaint was dismissed for want of jurisdiction over the subject-matter upon the facts admitted, that is the only question which requires consideration on this appeal. I am of the opinion that the court possessed ample jurisdiction to determine in this action upon the admitted facts, and to finally adjudicate as between the parties, as to the validity and effect of the several clauses of the will relative to the disposition of the real estate, and that the same was conferred by the provisions of section 1866 of the Code of Civil Procedure.

The words of the statute are very broad and comprehensive in their meaning, and no doubt can be entertained as to the intention of the legislature in authorizing an action to be prosecuted for the purpose therein stated. It is declared, that the validity, construction and effect of a testamentaay disposition of real estate, or any interest in such property which would descend to the heirs of an intestate, may be determined in an action for the purpose, in like manner as the validity of a deed conveying land may be determined. The title to the real estate in question would have descended to the plaintiff as the sole heir-at-law of the testator had he died intestate. By his will the testator sought to devise the title to his real estate, or some interest therein, to other persons than his heir-at-law, and if the disposition thus made is upheld as valid, it will deprive the heir of an estate therein, which would have descended to him had the testator died intestate.

The relation of the plaintiff to the testator and the terms of the will are such as to make a case within the provisions of the statute, and gives this court jurisdiction, on the application of the heir-at-law, to interpret the will and adjudge whether any of several devises are void, and if none of them are, what is the nature and character of the interest of the several devisees in the real estate of which the testator died seized. If such be the true construction of the law, its beneficial operation is made apparent, as in many cases it will enable interested parties to secure a settlement of all disputes and controversies, as to the title to real estate, which may arise under a testamentary disposition of the same, although the party instituting the suit may be at the same time in the actual possession and enjoyment of the property. Prior to this enactment it was a fixed rule of the court in defining its jurisdiction, that an heir-at-law or devisee who claimed a mere legal title to real property, when there was no trust, could not come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of a will, but must assert his title by legal action, or, if in possession, await an attack upon his title by some one who made a hostile claim. (*Weed* v. *Weed*, 94 N. Y., 243; *Chipman* v. *Montgomery*, 63 id., 230.) The reported cases bearing upon the question are in support of a construction of the statute which gives the court jurisdiction in a case like the one before us. (*Marvin* v. *Marvin*, 11 Abb. Pr.

[N. S.], 102; *Jones* v. *Jones*, 1 How. Pr. [N. S.], 510. *Wead* v. *Cantwell*, 36 Hun, 528; *Wager* v. *Wager*, 23 id., 439; *De Bussierre* v. *Holladay*, 55 How. Pr., 220; *Drake* v. *Drake*, 41 Hun, 366.)

The enlarged jurisdiction conferred upon the court is general, without designating whether the action shall be tried as one at law or in equity. The issues of fact in such an action may be tried by jury or by the court, as the nature of the case may require or the court direct. As the facts were admitted, the right of the parties based thereon presented mere legal questions, which should have been. determined by the referee.; and if the complaint was found to be defective because it omitted to state wherein the several devises were void, or as to the construction which the plaintiff claims should be given to the provisions of the will, the same should have been amended on the hearing so as to conform to the legal rights of the parties as determined on the trial. The case of *Hovey* v. *Purdy* (10 N. Y. St. Rep., 40,) is not in conflict with the views which we entertain or with any of the authorities cited. In that case, the plaintiff was not an heir-at-law or a devisee under the will which he sought to have the court place a construction upon. We do not at this time consider, whether in this action the court can determine the rights of the parties in the personal estate or not, as the facts bearing upon that question are not sufficiently stated in this record.

The judgment should be reversed and a new trial granted before another referee, unless the parties consent that the retrial take place before the one already appointed. Costs of this appeal to abide event.

Smith, P. J., Haight and Bradley, JJ., concurred.

Judgment reversed and new trial ordered before another referee, unless the parties stipulate that the retrial be before the same referee, costs to abide event.