Follett, J.
—On the trial a joint equitable cause of action in favor of Sarah B. Tucker and Isabella Tucker Newell, two of the plaintiffs, and a joint legal cause of action in favor of all three plaintiffs were established. Both causes' of action arose out of injuries to real property. The defendants, not having objected by demurrer or by answer that there was a misjoinder or defect of parties plaintiff, or that causes of action were improperly united, have waived these objections. Code Civ. Proe. § 499. A defendant in an equitable action cannot avail himself of the defense that the plaintiff has an adequate remedy at law, unless it is pleaded in the answer. Truscott v. King, 6 N. Y. 147; Cox v. James, 45 id. 557, 562; Town of Mentz v. Cook, 108 id. 504; 13 St. Rep. 845; Ostrander v. Weber, 114 N. Y. 95; 22 St. Rep. 979; Hyatt v. Ingalls, 124 N. Y. 93, 105; 35 St. Rep. 114; Buffalo S. & C. Co. v. D., L. & W. R. R. Co., 130 N. Y. 152; 41 St. Rep. 259; Watts v. Adler, 130 N. Y. 646; 41 St. Rep. 325. De Bussierre v. Holladay, 4 Abb. N. C. 111; 55 How. Pr. 210, so far as it conflicts with the cases cited, is overruled. Sarah B. Tucker and Isabella Tucker Newell, being the owners of the lee,_ had the right to maintain this action in equity to restrain the defendants from maintaining their road, and incidentally to recover such damages as they had sustained by the past trespasses, and it is the usual rule that in equitable actions all persons having interests in the controversy should be made plaintiffs or defendants and their interests determined. The presence of Mrs. Dayton as a plaintiff in this action does not harm the defendants, but prevents the necessity of another action, and the defendants should not now or hereafter"be permitted to raise this defense.
The appellants urge that the conveyance by Mrs. Dayton of her one-third interest in the premises to her sisters having been made while the grantees were infants, they may evade the grant when they reach their majority, and thus expose the defendants to an action in behalf of Mrs. Dayton. Isabella Tucker Newell became twenty-one years of age October 15, 1892, since which date she has prosecuted this action to judgment, and it is now too late for her to repudiate the conveyance. Should Sarah B. Tucker, on becoming of full age, repudiate the grant to her, a one-sixth interest would revert to Mrs. Dayton, who' is a party plaintiff in this action, and she would be estopped by the judgment herein, which she has aided to secure, from prosecuting another action on the claim enforced by her in this suit. The presence of Mrs. Dayton as a party plaintiff is a protection to the defendants’ present and future interests.
The part of the judgment awarding an injunction, unless the defendants pay $7,500 upon receiving a conveyance of the easements, rests on the theor}r that the court had power to appoint in this action a special guardian for the infant plaintiff, and authorize the guardian to convey the ward’s interest to the defendants. This is not a proceeding to sell an infant’s real estate, nor is it an action of partition, nor was it brought for the purpose of divesting the infant’s title; no such relief is asked for in the complaint, nor are the allegations therein sufficient to warrant such relief, *647 and the special term erred in appointing a speciel guardian and directing her to convey the infant’s title. Under such a conveyance the defendants would not acquire a legal title to the interest of the infant in the easements, and for this' error the judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.
Van Brunt, P. J., and Parker, J., concur.
Judgment reversed, new trial ordered, costs to appellants to abide the event.