1834.

Bogardus
v.
Clark.

---

### BOGARDUS & CLARK *vs.* CLARK and others.

The sentence of a surrogate, or of a higher court, having power to review his decision, in relation to the competency of a testator to make a will of personal property, is not conclusive upon the parties to that litigation, in a subsequent suit as to the validity of a devise of real estate contained in the same will.

The sentence of a surrogate, or of the chancellor upon an appeal from such sentence, as to the validity of a will of personal estate, is binding and conclusive in all courts and places, until reversed by a higher tribunal.

Such sentence is in the nature of a proceeding in rem, to which any person having an interest in the subject of litigation may make himself a party; and who will therefore be bound by the sentence or decree, although he is not in fact a party to the suit.

THIS was an appeal from a decretal order of the vice chancellor of the first circuit. The bill was filed for a partition of the real estate of which John Fisher died seised, one half of which the complainant, R. Bogardus, claimed, as trustee of his co-complainant, Maria Clark, who was one of the heirs at law of Fisher. And the defendants, Diana Sawyer, formerly the wife of Fisher, and Lemuel Sawyer, her present husband, were made parties to the suit, on the ground that she was entitled to dower in the real estate of which partition was sought. For the purpose of barring the claim of Mrs. Saw-

October 21.

yer as a devisee under the will of Fisher, her former husband, the complainants alleged in their bill, that after the decease of Fisher, a paper writing, purporting to be his last will and testament, was, by an order of the surrogate of the county of Kings, admitted to probate, and that on an appeal to the chancellor from that order, it was adjudged and decreed by the court of chancery that the said paper writing was not the last will and testament of Fisher, and was not made and published in due form of law; that at the time of executing the same, he was not of sound mind and memory, and was under restraint; and that the order of the surrogate be reversed; which order and decree of the chancellor was still in full force. The defendants, Sawyer and wife, in their answer, admitted the decree of the chancellor, on an appeal from the decision of the surrogate, as stated in the bill; but they insisted that it was not binding upon them any further than as it concerned the personal estate of the decedent. And they set up a claim to the whole real estate, in behalf of Mrs. Sawyer, as the devisee of Fisher. They alleged and insisted that at the time of making the will, the devisor was of sound and disposing mind and memory, and was not under any restraint, and that he executed the same in due form of law to pass real estate. They also alleged, that subsequent to the death of Fisher, and during the pendency of the appeal from the order of the surrogate, Maria Clarke and the other heir at law of Fisher, together with their husbands, filed a bill in this court against Mrs. Sawyer as executrix and devisee under the will, and against Willoughby, the executor, and other persons claiming under the will, to set aside the same; to which bill Mrs. Sawyer put in her answer, insisting upon the validity of the will; which suit was still pending and undetermined. The complainants, without filing any replication to the answer in the present suit, brought the same to hearing on bill and answer; relying upon the decision of the chancellor on the appeal from the surrogate, as conclusive of the rights of the parties in this suit, relative to the validity of the will as a devise of real estate. The vice chancellor decided that the decree of this court, upon the appeal, was only binding upon the parties in respect to the personal property, and not so as to the real estate.

But he allowed the bill to be retained, upon payment of the costs of the hearing, until the decision of this court upon the validity of the will in the suit commenced by the heirs at law, to set it aside. (*See Bogardus and others v. Clark and others,* 1 *Edward's Ch. Rep.* 266, *S. C.*) From this decision the complainants appealed to the chancellor.

*S. Sherwood,* for the complainants. The decree of the chancellor, made upon the appeal from the decision of the surrogate of the county of Kings, admitting to probate the will of John Fisher, is conclusive upon the parties to this suit as to the validity of the devise of the real estate contained in the will. A person is in all cases concluded by a decision in a suit to which he is a party, whenever the same question arises in another suit, whether it arises directly or collaterally. (*Croudson* v. *Leonard,* 4 *Cranch,* 436. *Bull. N. P.* 260. *Baxter* v. *N. E. Ins. Co.,* 6 *Mass. R.* 277. *Outram* v. *Morewood,* 3 *East,* 346. *Baring* v. *Fanning,* 1 *Paine,* 549. 3 *Wheaton,* 234. *Meadows* v. *Dutchess of Kingston,* 1 *Ambl.* 763. 1 *Salk.* 290. *Boyle* v. *Boyle,* 3 *Modern Rep.* 164. 1 *Ld. Raym.* 262. *King* v. *Vincent,* 12 *Mod. R.* 136. 1 *Strange,* 481, 703. 1 *Atkyns,* 516. 1 *Peere Wms.* 388. 3 *Cowen,* 120. 5 *Id.* 650. *Gage* v. *Bulkeley,* 1 *Russ. Rep.* 103.)

*D. S. Jones,* for the defendant. The opinion of the vice chancellor refers to the leading cases on the questions now in controversy. The decision of the surrogate and the decree of the chancellor are not binding as to the devise of the real estate. They may be conclusive upon the parties as to the personal estate, but have no binding force as to the real. The cases cited by the complainants have no application to this case.

THE CHANCELLOR. So far as the personal estate of the decedent was concerned, the surrogate had exclusive original jurisdiction to try and determine the validity of the will; and the decision of this court, upon the appeal from his decision, is binding and conclusive in all courts and places, until it shall

VOL. IV.                    79

1834.

Bogardus
v.
Clark.

be reversed, upon an appeal to a higher tribunal. It is in the nature of a proceeding in rem, to which any person having an interest may make himself a party by applying to the proper tribunal before which such proceeding is had ; and who will therefore be bound by the sentence or decree of such tribunal, although he is not in fact a party. (*Scott* v. *Sherman*, 2 *Wm. Black. Rep.* 977. *Hart* v. *M'Namara*, 4 *Price's Rep.* 154, *n.*) But, in the present case, there is nothing in the bill or answer to show that the heirs at law of Fisher were parties to the proceedings before the surrogate, or in the appeal to the chancellor. And the vice chancellor had no right to look beyond the bill and answer, for the purpose of ascertaining whether the complainants, or Mrs. Sawyer, were parties to that proceeding, so as to make the decision of a particular fact, litigated on the appeal, personally binding upon them in a subsequent litigation as to the real estate of the decedent. If the heirs at law of Fisher were not in fact parties to the proceedings before the surrogate, and on the appeal to the chancellor, so as to have made the decision in that case conclusive against them, as to the capacity of the decedent to make a will, in a subsequent litigation in respect to the real estate, if the decision of the chancellor had been the other way, they certainly cannot now avail themselves of that decision as binding upon Mrs. Sawyer. (*See Case* v. *Reeve*, 14 *John. Rep.* 83 ; *Burgess* v. *Lane*, 3 *Greenl. Rep.* 165.)

In this case, however, even if it had appeared from the bill and answer that the parties to the present controversy were all actual parties to the litigation before the surrogate, and upon the appeal, the decision of the chancellor, acting as an appellate court of probate, against the competency of the decedent to make a valid will of personal estate, would not have been conclusive evidence, in this suit, of the invalidity of the devise of the real estate to Mrs. Sawyer ; although such devise was contained in the same will which was then in controversy as a will of personal property. The general rule is admitted, that the judgment of a court of competent jurisdiction, directly upon the point, is, as a plea in bar, or as evidence where it cannot be pleaded as an estoppel, conclusive, as between the same parties, upon the same matter directly in question, in the same

1834.

Bogardus
v.
Clark.

or another court. But the case of *Montgomery* v. *Clark*, before Lord Hardwicke, (2 *Atk. Rep.* 378,) and the more recent case of *Clark* v. *Dew*, before Lord Lyndhurst, (1 *Russ. & Myln. Rep.* 109,) both of which are referred to in the opinion of the vice chancellor, show that the principle is not applicable to the case now under consideration. And in *Baker* v. *Hart*, (3 *Atk. Rep.* 546,) Lord Hardwicke refers to the case of *Maxwell* v. *Lord Mountague*, where the testator was determined to be *compos mentis*, upon a suit in the ecclesiastical court as to the validity of his will, which determination was affirmed upon an appeal to the court of delegates; but afterwards, upon a trial at law relative to the real estate devised by the same will, he was found to be incompetent. And, although his lordship laments that there should be such different determinations in concurrent jurisdictions, he says there is no way to make them uniform. I apprehend, however, it was a mistake to call them concurrent jurisdictions; and that this seeming anomaly arises from the fact, that each court has a jurisdiction which is entirely exclusive of the other, in reference to the different interests claimed under the same will: The probate courts having the exclusive jurisdiction and right to decide as to the validity of a will of personal estate; but having no power or authority whatever to determine the right as to the real estate claimed under the will, or to decide any question which can have the effect to deprive the heir at law, or the devisee, of his common law right of trial by jury, so far as concerns the devise of real estate. Without taking up time to inquire more particularly into the reasons for this seeming exception to a general rule, it is sufficient to say that the law appears to be well settled, that the sentence of a surrogate, or of a higher court having power to review his decision, in relation to the competency of the testator to make a will of personal property, is not conclusive, upon the parties to that litigation, in a subsequent suit as to the validity of a devise of real estate contained in the same will. The complainants, therefore, instead of bringing this cause to a hearing, upon the answer of the defendants, Sawyer and wife, which answer insisted upon the competency of the testator and upon the validity of the devise of the real estate, should have filed a

replication to such answer, so as to give the defendants an opportunity to prove the will in the usual mode. The decree appealed from is affirmed, with costs. But without prejudice to the right of the appellant to apply to the vice chancellor to open the decretal order, and to file a replication, and to take proofs in the cause in reference to the validity of the will set up by the defendants in their answer. And the proceedings are to be remitted to the vice chancellor.