MUIR and others *vs.* THE TRUSTEES OF THE LEAKE AND WATTS ORPHAN HOUSE and others.

A bill, by persons claiming to be next of kin of a testator, against the executors, for an account, making persons claiming an interest in the personal estate, as next of kin, parties defendants, but alleging that the latter have no right, title, or interest in the estate, either as next of kin or otherwise, is demurrable, as to them.

Under the provisions of the revised statutes no one can be liable to account to the next of kin, as an executor of his own wrong. Where persons have received and disposed of the property of a testator, without having been duly appointed his executors, or duly authorized to act as such, they are liable to his personal representatives, whenever such representatives shall have been appointed; but not to persons claiming to be next of kin of the decedent merely.

The proper course for the next of kin, in such a case, is to procure the appointment of an administrator, and have a suit instituted in his name, to recover the property from any person into whose hands it may have come, and who has converted it to his own use.

Where it appears that the will of a testator has been duly admitted to probate, so as to render the appointment of the executors valid, and to give the next of kin a claim upon them for the property of the testator not validly and effectually disposed of by will, such next of kin, in a bill by them against the executors, claiming that the decedent died intestate, and asking for an account of the personal estate, are bound to state what the testamentary paper was upon which the surrogate granted letters testamentary to the executors; so that the court may see whether the testator in fact died intestate as to any part of his personal property.

The probate of a will of personal property, whether such probate was obtained by a summary or a plenary proceeding, if granted by the proper testamentary court, is conclusive evidence of the due execution of such will; until such probate has been called in, or annulled, by such court; or has been reversed on appeal to the proper tribunal.          .

To enable a defendant to take advantage of the statute of limitations, upon demurrer, it must distinctly appear, by the bill itself, that the complainant's remedy is barred by lapse of time.

THIS case came before the chancellor upon demurrers to the complainants' bill. The complainants claimed to be the only

next of kin of the late John G. Leake of New-York, who died unmarried and without issue in June, 1827; and whose will was established by the court for the correction of errors, upon appeal, in December, 1829. (*See* 1 *Paige's Rep.* 348; 4 *Wend. Rep.* 168, *S. C.*)

The bill in this cause was filed in August, 1844, by Jennet Muir and twelve other persons, who alleged that they were the grandchildren of Helen Martin, a sister of J. G. Leake's father. And The Trustees of the Leake and Watts Orphan House, the personal representatives of the executors of Leake, who were dead, and Herman Le Roy and William Bayard, together with Alexander Leck and eighteen other persons, who claimed to be interested in the personal estate of J. G. Leake, as his next of kin, were made defendants in the suit. The complainants, in their bill, after stating that they were the only next of kin of Leake, and tracing their pedigree from his deceased aunt, alleged that he died intestate, unmarried and without issue, in 1827, leaving personal estate of the value of more than $250,-000. They also stated that in 1830 J. Watts and H. Le Roy, both of whom were now dead, under the pretence that Leake, by some testamentary paper, had appointed them his executors, obtained letters testamentary from the surrogate, and possessed themselves of all of his personal estate; that they transferred and delivered a large portion thereof to The Trustees of the Leake and Watts Orphan House, without consideration, another large portion to the defendant Herman Le Roy, and another to the defendant W. Bayard, also without consideration; and that such executors appropriated the residue of such personal estate, amounting to more than $50,000, to their own use. The complainants further stated that Alexander Leck and the other eighteen defendants, particularly named, who claimed or pretended to claim an interest in the personal estate of J. G. Leake as his next of kin, had not, nor had either of them, any right to, or any interest in, such estate, either as next of kin or otherwise. The complainants therefore asked for an account of the personal estate of Leake which had come to the hands and possession of The Trustees of the Leake and Watts

Orphan House, the executors of Leake, and H. Le Roy and W. Bayard, respectively, with interest thereon, and that the payment thereof might be compelled, by the order or decree of this court, with the costs of the suit; or that the complainants might have such further or other relief as should be just upon the case made by their bill.

*Nelson Chase,* for A. Leck and the eighteen other persons named in the bill as claiming to be interested in the estate of J. G. Leake, as his next of kin, insisted that the complainants, by their own showing, had no right to make his clients parties to the suit; inasmuch as the bill charged that they had no right, title or interest whatever in the estate, either as next of kin or otherwise. And the chancellor, considering this objection as well taken, allowed the demurrer, and dismissed the bill as to those defendants; without hearing their counsel upon the other questions raised upon their demurrer.

*D. Lord & G. Wood,* for the Trustees of the Leake and Watts Orphan House, and for the personal representatives of the deceased executors of J. G. Leake.

*S. Stevens,* for the complainants.

THE CHANCELLOR. The complainants are not in a situation to contest the validity of the will of John G. Leake, which was admitted to probate, so far as respects the due execution of such will. For under the provisions of the revised statutes no one can be liable to account to the next of kin, as an executor of his own wrong. And if J. Watts and H. Le Roy received and disposed of the property of Leake, without having been duly appointed his executors, or duly authorized to act as such, they are liable to his personal representatives, whenever such shall have been appointed; but not to the complainants. (2 *R. S.* 449, § 17.) The proper course for the complainants, in that case, would be to procure the appointment of an administrator, and have a suit instituted in his name, to recover the

property from any person into whose hands it may have come; and who had converted it to his own use. (*Babcock* v. *Booth,* 2 *Hill's Rep.* 181.)

On the other hand, if the will of Leake has been duly admitted to probate, so as to render the appointment of the executors valid, and to give the next of kin a claim upon them for the property of the testator which was not validly and effectually disposed of by his will, the complainants were bound to state what the testamentary instrument was upon which the surrogate granted letters testamentary to the executors; so that the court might see whether Leake had in fact died intestate as to any part of his personal property. The present bill, therefore, is fatally defective, in these particulars.

It would be useless also for the complainants to amend their bill in this respect. For, out of the bill, it is well known to the court that the testator's will, which was admitted to probate under the decree of a court whose decision must be considered as binding upon all other tribunals in this state, actually disposed of all his personal estate. And as the only question as to the validity of the execution of that will depended upon a question of law, there is no probability that a different result would be arrived at, even if there was any way in which these complainants could bring the question of the due execution of that will again before the probate court for decision. Although the will in this case had been proved in a plenary proceeding, as between the parties who appeared and contested it in the higher courts, the next of kin, who had no notice of that proceeding, and which occurred before the adoption of the revised statutes, might perhaps have cited the executors to bring in the probate, and to prove the will in a plenary form as to them, in the same manner as they could have done if it had been proved in the common form by a summary proceeding only, had they applied to the surrogate within a reasonable time. That appears to have been almost a matter of course, in the practice of the probate courts in England. And was very proper in our probate courts, until the revised statutes made all proceedings to prove wills plenary, in substance, by requiring all parties

interested in opposing the will, to be cited to attend the probate, either by a personal service of the citation, or by a publication in the public papers. Even in that case, however, if the next of kin have not appeared and contested the will upon the probate thereof, they are permitted to come in within one year and file allegations and contest the probate or the validity of the will. (2 *R. S.* 61, § 30.) But the probate of a will of personal property, whether such probate was obtained by a summary or a plenary proceeding, if granted by the proper testamentary court, is conclusive evidence of the due execution of such will, until such probate has been called in or annulled by such court, or has been reversed on appeal to the proper tribunal. The validity of the will of John G. Leake cannot be inquired into by this court collaterally, therefore, in any form in which the question may be brought before this court by an original suit. For this reason it is not necessary to inquire whether the remedy of the complainants, if they ever had any, in this court, would not have been barred by lapse of time. It may be proper to say, however, that although it is alleged in the bill that the executors of *Leake* obtained possession of his property, &c. *in or about* the year 1830, it does not distinctly appear that it was more than ten years before the filing of the complainants' bill. And to enable a defendant to take advantage of the statute of limitations, upon demurrer, it must distinctly appear, by the bill itself, that the complainants' remedy is barred, by lapse of time.

The demurrers of the Trustees of the Leake and Watts Orphan House, and of the other defendants who have demurred, and whose demurrers were not allowed at the hearing, must be allowed; and the bill as to those defendants respectively must be dismissed, with costs.