WILLIAM H. BOOTH and others, Infants, by Guardian, Appellants, *v.* WILLIAM K. KITCHEN and JAMES L. WORTH, Executors, etc., of OTIS DYER, Deceased, and others, Respondents.

*Will—jurisdiction of Supreme Court, to sustain action to establish claim to legacies revoked by subsequent codicil.*

The Supreme Court has no jurisdiction to entertain an action brought to establish the claims of legatees named in the first codicil of a will, and to set aside the probate of a subsequent codicil by which such legacies are revoked.

The Surrogate's Court has exclusive jurisdiction of the probate of wills of personal property, and, although by the revocation of the first codicil the legatees named therein are left mere strangers to the will, and are not entitled to be cited to attend its probate, yet the Supreme Court is not at liberty, as a court of equity, to take jurisdiction in defiance of the statute.

Appeal from an order of the Special .Term, sustaining the demurrer to plaintiff's complaint in an action to establish certain legacies, and set aside the probate of a codicil to a will.

By a codicil to a will of real and personal property, the testator provided for the payment of certain legacies to the appellants. By a subsequent codicil these legacies were revoked.

The appellants were not next-of-kin to the testator, and were not cited to appear on the probate of the will.

This action was brought by the appellants to set aside the probate of the second codicil, on the ground that it was executed under undue influence and fraud. The defendants demurred to the complaint, on the grounds that it did not state facts sufficient to constitute a cause of action, and that the court had no jurisdiction.

The demurrer was sustained.

*Aaron Pennington Whitehead*, for the appellants. This court has jurisdiction under the statute of 1853 (chap. 238, p. 526). Aside from the statute, this court would have jurisdiction on equitable principles. (*Cutler* v. *Wright*, 22 N. Y., 472; *Walsh* v. *Ryan*, 1 Bradf., 433; *Terhune* v. *Brookfield*, 1 Redf., 220; *Re Lucius Chittenden*, 1 Tuck., 135; *Kipping & Barlow* v. *Ash*, 1 Robt. [Eccl.], 270.) These legatees were not required to be cited, and were not represented at the probate of the later codicil destroying their interest. Their right is clear. They have no remedy at law. Equity will certainly relieve them on well settled principles. (1 Story's Eq. Jur., § 32.) The defective legislation is only in the instance and not in the principle. (*Pasley* v. *Freeman*, 3 T. R., 63; see, also, 7 Taunt., 515, PARKE, J.; *Fetcher* v. *Lord Londes*, 2 Bing., 550; 1 Story's Eq. Jur., p. 116, § 53; 2 Phillimore, 224.) These infants have no remedy, unless in equity. They have exhausted their means of redress in the Surrogate's Court, and without success. In the English courts of equity a bill like the present has been entertained, where the probate was obtained by fraud. (*Welby* v. *Thoragh*, Pre. Ch., 123; *Barnesly* v. *Powel*, 1 Ves. Sen., 28; *Glascote* v. *Lang*, 8 Sim., 358; 3 Myl. & Craig, 451; *Jarvis* v. *Chandler*, Turn. & Russ., 319; *Idley* v. *Bowen*, 11 Wend., 237; *Bowen* v. *Idley*, 6 Paige, 46; *Tarver* v. *Tarver*, 9 Pet., 180.) Another reason for the interposition of this court is that the parties who are thus left without remedy are infants. (Lord HARDWICKE, in *Butler* v. *Freeman*,

Ambler, 302; PAIGE, J., in *Lefevre* v. *Laraway*, 22 Barb., 175; *Rogers* v. *Cruger*, 7 Johns., 581, 613.)

*Francis C. Barlow*, for the respondents.  This court has no jurisdiction of an action to revoke the probate of a will of personal property.  (See *Vanderpoel* v. *Van Valkenburgh*, 6 N. Y., 190, and the cases cited by counsel at 196; see, also, *Hyer* v. *Burger*, 1 Hoff. Ch., 10, 11, where the chancellor fully discusses the question and dismisses the bill; *Colton* v. *Ross*, 2 Paige, 396, 398, 399; *Muir* v. *Trustees, etc.*, 3 Barb. Ch., 477, 481; *Bogardus* v. *Clark*, 1 Edw. Ch., 266; *Campbell* v. *Logan*, 2 Brad. Sur., 92; *Allen* v. *McPherson*, 1 H. L. C., 191.)  The supposed " equity " which, it is claimed, gives this court, as a court of equity, jurisdiction, is asserted to arise out of an omission of the legislature.  The law considers that the executor represents creditors and legatees.  (See *Wiser* v. *Blachly*, 1 Johns. Ch., 438, at middle of page, and opinion of DAVIS, J., hereto annexed.)  The complaint does not show that the plaintiffs have any rights in real property which are disturbed by the second codicil.  They must show in themselves an interest in real property affected by the second codicil.  It is not enough that the second codicil may affect an interest of the plaintiffs in real property.  It should be averred that it does.  The legacies themselves are revoked by this codicil.  This is a disposition of personal property, and the decree of the surrogate is conclusive

DANIELS, J. :

The object of this action was to sustain the right of the plaintiffs to legacies in trust, provided for them by a codicil to the will of Otis Dyer, deceased.  The will, together with a second codicil, which, in terms, revoked the bequests in the plaintiffs' favor, were admitted to probate ; the other was rejected, because of its final revocation by the last codicil.  That such an action cannot be sustained in this court for the purpose of establishing the first codicil in which the legacies were provided for, and annulling the probate of the codicil afterwards executed, appears to be quite well settled by the authorities.  (*Muir* v. *Trustees, etc.*, 3 Barb. Ch., 477; *Vanderpoel* v. *Van Valkenburgh*, 2 Seld., 190; *Colton* v. *Ross*, 2 Paige, 396.)  And the jurisdiction created by the statute of 1853 is not broad

enough to include it. For that has been, in terms, confined to a will of real estate, or a devise of that description of property. (3 Rev. Stat. [5th ed.], 141, §§ 18, 19.) It is not sufficient to make a case within these provisions that the will may devise real estate, when the controversy is in fact limited, as it is in this instance, to the disposition of the personal estate only. For these reasons, and those assigned in the opinion delivered by Presiding Justice DAVIS on the denial of the motion to continue the injunction, the order appealed from should be affirmed, with costs.

The following is the opinion of Judge DAVIS delivered at Special Term, and referred to in the opinion of DANIELS, J.

DAVIS, P. J. :

It seems singular that no case has arisen upon conflicting codicils in wills of personal property, presenting the exact questions raised in this case, and determining whether or not the Court of Chancery may take jurisdiction to try the validity of a second codicil which revokes a former codicil, and takes the legacies therein bequeathed away from the persons designated in the revoked codicil.

The Surrogate's Court had undoubted jurisdiction to try and determine the validity of the second codicil. That it has done, and upon such trial has admitted it to probate on the citation of all persons required to be cited by the statute. The present plaintiffs were not next of kin nor heirs at law of the testator. They would have been, if the first codicil had not been revoked by the second, mere recipients of the testator's bounty; but the revocation of the bounty once intended for them, and its disposition to the parties named in the second codicil, have left them mere strangers to the will. This is the effect of the statutes and of the judgment of the Surrogate's Court. But it is claimed that as the plaintiffs were interested in maintaining the first codicil by overthrowing the second, and have had no hearing and no day in court, on that question, there is a clear *casus omissus* in the statute, which a court of equity has jurisdiction to remedy. Forcible as this argument seems to be, it nevertheless addresses itself rather to the legislature than to a court of equity, because if the statutes

have declared the probate of a will or codicil under these circumstances conclusive upon all other courts, a court of equity is not at liberty, upon the ground of wounded conscience, to take jurisdiction in defiance of the statute.

The authorities seem to hold, with uniformity and clearness, that this court has no jurisdiction, under any circumstances, of an action to revoke the probate of a will of personal property. (*Vanderpoel* v. *Van Valkenburgh*, 6 N. Y., 190; *Heyer* v. *Burger*, 1 Hoff. Ch., 1; *Colton* v. *Ross*, 2 Paige, 396; *Muir* v. *Trustees, etc.*, 3 Barb. Ch., 477; *Bogardus* v. *Clarke*, 1 Edw. Ch., 266; 4 Paige, 623; 7 id., 397; and see other cases cited by counsel and by the court in *Vanderpoel* v. *Van Valkenburgh*.)

The proposition of the plaintiffs is, that this court has jurisdiction to entertain plaintiffs' action to defeat the second codicil, because the Surrogate's Court was not bound by law to entertain jurisdiction of their allegations that it was procured by fraud and undue influence. The question of the validity of the codicil necessarily involved the question of fraud and undue influence, and the surrogate, either directly or by necessary implication, passed upon them in adjudging such validity. The executors, in presenting the will for probate, were the representatives of all parties who were not by law entitled to citation. They affirmed, and were bound to maintain the validity of all parts of the will which purported to divert any portion of the estate from the legal channels into which it must have fallen if the deceased had died intestate. I am much inclined to think that if plaintiffs had appeared in the Surrogate's Court, and prayed leave to contest the second codicil and establish the first they ought not to have been prevented from doing so, and that the court would have been justified in holding, on appeal, that the Surrogate's Court was competent to entertain such a controversy notwithstanding it was not required to cite the plaintiffs to attend the probate. This is upon the ground that that court is the tribunal clothed with exclusive jurisdiction of the probate of wills of personal estate, and is therefore the " competent tribunal " who may declare such wills void, subject of course, to the appellate review given to other courts. (See *Campbell* v. *Logan*, 2 Bradford, 90; and see *Allen* v. *McPherson*, 1 H. of L. Cases, 191.)

In a case of so much doubt, I do not deem it proper that this court should allow its writ of injunction to restrain the action of the executors under the surrogate's decree. The plaintiffs have delayed till the eve of the expiration of the year within which executors are prohibited by law from proceeding to pay legacies, and they now invoke this tribunal to further restrain them by injunction. They should, under such circumstances, show a case of reasonably clear if not undoubted right to that process.

The complaint does not bring all the necessary parties before the court. Its allegations on the subject of fraud and undue influence, and of the persons by whom the same are supposed to have been exercised, are extremely vague and indefinite. These facts also add force to the objections that a plain and clear right to the writ is not shown. I think it my duty, therefore, to deny the motion to continue the injunction, and to dissolve the injunction heretofore issued, with ten dollars costs of the motion to defendants.

DAVIS, P. J., and BRADY, J., concurred in opinion of DANIELS, J.

Order affirmed, with costs.