ADELAIDE L. POST AND OTHERS, APPELLANTS, *v.* FRANCIS
O. MASON AND OTHERS, EXECUTORS, ETC., RESPONDENTS.

*Legacy to the attorney who draws a will — he must prove affirmatively the absence
of fraud and undue influence — the probate of a will of personal property is con-
clusive after one year.*

Where a legacy is left to the draughtsman of a will, who is at the time and for
many years prior thereto has been the legal adviser of the testator, it rests
upon him to establish affirmatively that the testator acted with full knowl-
edge of all the surrounding circumstances, and to prove that the transaction
was free from all fraud or undue influence on his part.

The probate of a will of personal property becomes, after the expiration of one
year from the time it was admitted to probate, conclusive, and a court of
equity has no power in a collateral action to set aside the probate except for
fraud in the proceedings in which it was procured.

The probate is conclusive as to the disposition therein made of the personal
property, notwithstanding the fact that the will relates to both real and per-
sonal property.

APPEAL from a judgment in favor of the defendants, entered
upon the trial of this action at a Special Term after special issues
had been settled and tried before a jury, and from an order deny-
ing a motion for a new trial of such issues.

*W. F. Cogswell* and *A. McDonald*, for the appellants.

*E. G. Lapham*, for the respondents.

HARDIN, J.:

John Post died at Geneva, Ontario county, on the 28th day of
September, 1874, leaving him surviving, his widow Adelaide, his
son Clarence and his daughter Leonora.

Upon the 13th day of September, 1874, he made, executed and
published his last will and testament, in which he named the defend-
ants as executors. On the — day of ——, 1874, the executors
presented the will to the surrogate and obtained citations which
were served upon the widow and children, and upon the return day
the widow and children duly appeared before said surrogate.

A guardian *ad litem* was appointed by the surrogate for the
children, and such proceedings were duly had before the surrogate

that the will was duly proven and duly admitted to probate on the 24th day of October, 1874, and the executors (the defendants) duly qualified and took upon themselves the due execution of their duties as executors. They proceeded in the discharge of their duties, and set apart for the widow the sum of $40,000, the amount of the legacy given to her in and by said will, and likewise to the children, to wit: To the son certain real estate and the $34,000 capital upon which he was to receive the income, and a capital of $40,000 upon which the income was to be paid to the daughter for a specified time. They also set apart $20,000 to pay the legacy to the Ontario County Orphan Asylum, and they set apart and paid certain minor legacies. The personal estate amounted to about $190,000, and after paying the expenses and commissions in the settlement of the estate, and a small indebtedness, there remained about $17,513.66 to pass under the residuary clause to the three persons named as executors.

In August 4, 1876, Adelaide L. Post filed a petition with the surrogate of Ontario county, praying for a citation to the executors " to render an account of their proceedings as executors and trustees under the will of John Post, deceased."

A citation was issued returnable September 11, 1876. On the 19th day of August, 1876, the executors applied to the surrogate by petition for a citation requiring the next of kin, legatees and creditors of the deceased, to appear before him on some day therein to be specified, to attend to the settlement of their accounts as such executors. A citation was accordingly issued by the surrogate returnable October 23, 1876. On that day the parties appeared and the executors filed their accounts duly verified, and both proceedings were adjourned to the 26th day of December, 1876.

Thereafter the accounting was duly had, and the accounts of the executors and trustees were duly settled by and before said surrogate. The commissions allowed upon $186,012.94 were $6,105, and the residue was found to amount to $17,513.66.

In May, 1878, the widow and children commenced this action, 1st. To set aside and vacate the probate of said will; 2d. To declare that said will is not the last will and testament of John Post, deceased; 3d. To have declared and have adjudged that the nineteenth item of said testament is void and of no effect, and that as to the remainder and residue of said estate, the said Post died

intestate; 4th. And that the plaintiffs are the owners of said property *as cestui que trusts* of said defendants as such trustees; and 5th. For an accounting and for further relief.

The defendants served their answer herein, and thereafter by an order of the Special Term the following issues were settled, viz. :

*First.* Was the said John Post at the time he made and executed the last will and testament, bearing date the 19th day of August, 1874, of sound and disposing mind and memory, and competent to make said will? Yes.

*Second.* Was the said paper, dated August 19, 1874, read over by or to said John Post at the time of or before the execution thereof by him, and did he then understand the same and all the provisions thereof? Yes.

*Third.* Was the execution of that paper, dated August 19, 1874, by the said John Post, procured by undue influence? No.

*Fourth.* Was the said John Post at the time he made and executed his last will, which was admitted to probate, bearing date the 13th day of September, 1874, of sound and disposing mind and memory, and competent to make and execute said will? Yes.

*Fifth.* Was the paper dated September 13, 1874, read over by or to said John Post at the time of or before the execution thereof by him, and did he understand the same and all the provisions thereof? Yes.

*Sixth.* Was the execution of that paper dated September 13, 1874, by the said John Post, procured by undue influence? No.

*Seventh.* Was the probate of the will of September 13, 1874, by the surrogate of Ontario county, obtained by means of any false or fraudulent representations by the defendants Bradley Wynkoop and Francis O. Mason, or either or both of them, that Mrs. Adelaide L. Post was informed of the contents of the will and desired the probate thereof; and if so who made such representations? No.

*Eighth.* Was the said Adelaide L. Post in any way informed of the contents of said will, and especially of the nineteenth item thereof, and if so, when? Yes, on the 14th day of October, 1874, on the reading of the will by Judge MASON, and on the 2d day of October, 1875.

*Ninth.* Did the defendants Bradley Wynkoop and Francis O. Mason, or either of them, intentionally prevent the plaintiffs, or

either of them, from becoming informed as to the contents of said will dated September 13, 1874, during any part of the year next ensuing the probate thereof, and if so, during what part of said year? No.

Filed November 1, 1879.

The trial took place at the Ontario circuit before the court and a jury. The jury made the several answers which appear in answer to the several questions. A case was made, and a motion thereupon was made for a new trial before the same justice who presided at the trial in the circuit, and it was denied and judgment was ordered for the defendants.

From such judgment and order denying a new trial, the plaintiffs bring this appeal. The nineteenth clause of said will was, viz.:

"*Nineteenth*. All the rest, residue and remainder of my estate, real and personal not hereinbefore disposed of, I give, devise and bequeath unto my friends Alonzo Wynkoop, Bradley Wynkoop and Francis O. Mason, who are hereinafter nominated as the executors of this my will in equal shares."

By the last clause of the will they were nominated and appointed executors. Another will was executed by the deceased on the 19th day of August, 1874, containing provisions in some unimportant particulars differing from the one before us. Both wills were drawn at the request of the deceased by the defendant Francis O. Mason, an attorney and counselor of this court, and he was present when they were executed.

The defendant Bradley Wynkoop was also a lawyer, and he, after the execution of the last will, prepared a schedule of the assets of the deceased at his request. Both of the Wynkoops named as executors with the defendant Mason were cousins of the deceased.

The principal question discussed before us in the argument of these appeals, arises out of the instructions given by the trial judge at the circuit and refusals to charge as requested by the plaintiffs' counsel. The court charged, viz.: " The plaintiffs hold the affirmative upon all these questions and *must furnish* you a *preponderance* of evidence upon each of them." An exception was taken to such charge. The plaintiffs requested the court to charge the jury, that the will having been written by Mr. Mason, who is a legatee, and is shown to have been for years before it was made the legal adviser

of Mr. Post, the same is presumed to be fraudulent; that the law itself, without any evidence at all, presumes that it was obtained by fraud; that the presumption was against the will until it was overborne by satisfactory evidence."

The court declined to charge as requested, and an exception was taken by the plaintiffs. Upon the argument before us it was urged by the learned counsel for the appellants, that the ordinary rule in transactions between attorney and client is, that the attorney is bound to establish affirmatively that the transaction was made by the client, with full knowledge of all material circumstances known to the attorney, and was in every respect free from fraud on his part or misconception on the part of the client, and that a reasonable use was made by the attorney of the confidence reposed in him," and that this rule in its full force and vigor is applicable where, as in the case before us, the attorney and draftsman takes a benefit by way of a money legacy under the will prepared by him for the testator to execute.

Upon the other hand, the learned counsel for the respondents contends that the rule which obtains " in the purchase of property, where the title is in dispute, or a contested cause of action, of an attorney from his client," is not applicable to the case before us.

We have looked into the authorities to some extent and it seems to us the weight of authority is with the appellants.

*Barry* v. *Butlin* (1 Curteis, 637), and the comments and approval and application of the principle of that case by the court in *Crispell* v. *Dubois* (4 Barb., 393); *Evans* v. *Ellis* (5 Denio, 640); *Newsen* v. *Newsen* (2 Keyes, 229); *Davoue* v. *Fanning* (2 Johns. Ch., 252); *Robertson* v. *Caw* (3 Barb., 415), opinion of WILLARD, J., and cases there cited; *Rogers* v. *Lee M. Co.* (13 Reporter, 59); *Newhouse* v. *Godwin* (17 Barb., 259); *Newman* v. *Paine* (2 Vesey, 200, and notes); *Montesquieu* v. *Sandys* (18 id., 312, note 1); *Gibson* v. *Jeyes* (6 id., 266); *Whitehead* v. *Kennedy* (69 N. Y., 466; *Kinne* v. *Johnson* (60 Barb., 71); *Wilson* v. *Moran* (3 Bradf., 181); *Coffin* v. *Coffin* (23 N. Y., 1), was not decided upon the question here involved.

Assuming, therefore, in the further consideration of the case, that the judge was in error in refusing to charge as requested, shall we reverse the judgment entered upon his decision and findings based

upon the verdict of the jury? It clearly appears from the findings of the jury that there was no fraud practiced by the defendants in respect to the probate of the will.

The jury have negatived all the allegations in the complaint in that regard. They have found that Mrs. Post was informed of the contents of said will, and especially of the *nineteenth item* thereof, within one year after the probate thereof, and that she was so informed on the 14th day of October, 1874, and also on the 3d day of October, 1875, when the will was read to her by Mr. Mason, one of the defendants.

These findings are based upon conflicting evidence, and the decision of the trial judge accepted them as satisfactory when ordering judgment and making his decision as the basis of his judgment.

We have looked into the evidence tending to support them, as well as that given by the plaintiffs of a *contra* tendency, and are satisfied with the correctness of such findings. Had the instructions been given which were asked for and declined, to which we have adverted, they would not have changed these findings.

We thereupon have a case provided for by section 1003 of the Code of Civil Procedure, which is applicable to this case. That section declares that "an error in the admission or exclusion of evidence, or in any other ruling or direction of the judge upon the trial, may, in the discretion of the court which reviews it, be disregarded if that court is of opinion that substantial *justice does* not require that a new trial should be granted."

Accepting the findings and decision that no fraud was practiced in respect to the probate of the will by the defendants, and also the findings that the plaintiffs knew of the nineteenth item of the will before the probate, and also that the adult plaintiff was informed of the contents of the will before the expiration of one year from the probate, we may properly inquire whether a finding in accordance with the request asked for would aid the plaintiffs.

The complaint challenges the disposition made by the testator of a portion of his personal property under and by virtue of the nineteenth item of his will. From the case made at the trial, we learn that only personal property passed to the executors individually under the will. It is provided by section 29 of the Revised Statutes (2 R. S., 61) that "the probate of any will of personal property, taken

by a surrogate having jurisdiction, shall be conclusive evidence of the validity of such will until such probate be reversed on appeal or revoked by the surrogate as herein directed, or the will be declared void by a competent tribunal." (2 R. S., 61.) Also section 30 of 2 Revised Statutes, 61, provides that "notwithstanding a will of personal property may have been admitted to probate, any of the next of kin to the testator may at any time within *one year after* such probate contest the same or the validity of such will in the manner herein provided." Then section 31 provides : " For that purpose such relative shall file in the office of the surrogate by whom the will was proved, his allegations in writing against the validity of such will or against the competency of the proof thereof."

Since the enactment of these provisions of the statute, it has been held that the decree of the surrogate cannot be impeached collaterally in respect to a will which relates to personal property. (*Vanderpoel* v. *Van Valkenburgh*, 6 N. Y. [2 Seld.], 197.) These provisions apply to a will so far as it relates to personal property, even though it be a will relating, as the one before us, to both real and personal property. (*Matter of Last Will of John Kellum*, 50 N. Y., 298.) So far as it affects the disposition of the personal property of the testator, the probate of one year becomes conclusive, and equity has not jurisdiction in a collateral action to set aside the probate in the absence of fraud in respect to the probate. (*Collier* v. *Idley's Executors*, 1 Bradf., 96 and cases cited ; *Burger* v. *Hill*, 1 Bradf. Sur., 372 ; *Brady* v. *McCosker*, 1 Comst., 217 ; Dayton's Sur., 168 ; *Pemberton* v. *Pemberton*, 13 Vesey, 290 ; 1 Story's Eq. Jur., § 184, and *Gould* v. *Gould*, 3 Story, 537 ; *Tarver* v. *Tarver*, 9 Pet., 180 ; *Gaines* v. *Chew*, 2 How. [U. S.], 245, and cases cited ; *Armstrong* v. *Lear*, 12 Wheat., 175, STORY, J. ; *Colton* v. *Ross*, 2 Paige, 398 ; *Bogardus* v. *Clark*, 4 Paige, 623 ; *Muir* v. *Trustees Leaks and Watts Orphan House*, 3 Barb. Ch., 480.)

The court adopted the finding that there was no fraud in the probate, and expressly found that Adelaide L. Post was fully advised of the said will, and every part thereof, on the 14th day of October, 1874, by hearing the same read, and again on the 2d day of October, 1875, by having in her possession a certified copy thereof.

It was competent for the court to adopt this finding and give full effect to the same in pronouncing its judgment upon the issues between the parties. (*Vermilyea* v. *Palmer*, 52 N. Y., 472; Code, § 1003.)

These views lead to an affirmance of the order and judgment, with costs.

DWIGHT, J., concurred; SMITH, P. J., not participating in the decision.

Judgment and order affirmed, with costs.