Kellogg, J.
The instrument purporting to be the last will of Patrick T. Trenor was, on petition of the executors named therein, presented to the surrogate of the city and county of New York in April, 1888. All the parties claiming as legatees or devisees under the will, and all the heirs at law of the deceased Trenor, appeared in that court; and each, represented by able counsel, took part in the contest there over the probate of the will, as a will of real and personal property. The contest was long continued and vigorous, as appears by the papers offered in evidence. The will, among other grounds, was claimed by the contestants — the heirs at law and the attorney general of the state—to have been procured by fraud and undue influence; and it was decided by the surrogate, who made his decree in October, 1889, “ that the execution thereof [the will] by him [Trenor] was procured by -fraud, and while he was under restraint and undue influence, and that the said instrument was null and void, as for the last will and testament of Patrick Trenor.” The decree of the surrogate has not been reversed on appeal, or revoked by the surrogate.
.The plaintiff in this partition suit contends that the decree is conclusive upon the devisees as to all matters determined by the surrogate. The defendant,. Annie Stover, devisee in the will of this property sought to be partitioned, and in possession, claims the right to make proof here of the will, notwithstanding the decree of the surrogate. If this was a new question, it might be regarded as a serious one, and one surrounded with doubts not easily and satisfactorily solved. There is no doubt but the surrogate had jurisdiction of the subject matter and of all the parties, and had power to make just the decree he did make. Under the well understood general law as to the1 effect to be given to decrees or judgments, this decree ought to be *54 conclusive. It is conclusive, as all agree, so far as the will relates to. personal property or the right to administer conferred by the will. But the statutes sometimes, in terms, and, the courts always, by construction, have, from the beginning, kept up a distinction between the real and personal in the same, instrument, and á corresponding distinction as to the effect to be given to a decree of a surrogate touching a testator’s unsoundness of mind, fraud practiced in procuring the will, and all other matters relating to the validity of the instrument. These questions the surrogate may pass upon,—must pass upon. His decision is potent and conclusive as to all the testator’s personal property, be it much or little, but as to the realty the decree determines nothing. The absurd results" of finding by one court a testator to be of sound mind, and so disposing of his money, bonds, and chattels as he directs, and then finding, by another court of competent jurisdiction, the testator to be of unsound mind, and so turning over his houses and lands to the same persons for whom the testator may have already provided with his personal estate, may be criticised as reflecting no great credit upon the authors of our system touching the probate of wills; but the power of correction does not seem to be vested in the courts. The state inherited from the colonial laws the practice existing in the prerogative court—the governor of the colony and his delegate—of forcing wills of personal property to be first probated before they could be offered in court as evidence, and, following the colonial law, made the probate and denial of probate conclusive upon all parties. As early as the act of April, 1786, the legislature also provided, touching wills of real estate: “That where real estate shall be devised by will,” etc., “ the executors or other persons interested may cause the will to be brought before the court of common pleas of the county where the lands lie, and the court shall cause the witnesses to be examined in open court; and if it shall appear that the will was duly executed and the testator of sound mind,” etc., “the court shall direct the will and proof to be recorded. But the court shall not proceed to, examine witnesses,” etc., “ until notice shall be given to the heirs, or if not to be found within the state, fixed up at the last place of abode of such testator at least fifteen days before such examination. * * * The record of wills so proved and re-, corded shall be as good and effectual in all cases as the original wills would be if produced and proved.”
Justice Kent held in Jackson v. Rumsey, 3 Johns. Cas. 558, as to this law : “ That it never intended that the proof so taken should be conclusive upon the heir. * * * Nor does there Seem to be any ground for the suggestion that the statute had an eye to this mode of proof as a substitute for the mode of establishing a will in chancery; for if a question of fraud in obtaining the will or on the sanity of the testator arises in that court, it- is never tried there, but an issue of law is uniformly directed.”
No material change was made in the law, or in the construction given to it by the courts, down to the adoption of the Revised Statutes in 1837.
*55 In Bogardus v. Clarke, 4 Paige, 626 (decided in 1834), the chan•cellor says, “ In this case, however, even if it had appeared from the bill and answer that the parties to the present controversy were all actual parties to the litigation before the surrogate and upon the appeal, the decision of the chancellor, acting as an appellate court of probate, against the competency of the decedent to make a valid will of personal estate, would not have been conclusive evidence in this suit of the invalidity of the devise of the real estate to Mrs. Sawyer, although such devise was contained in the same will which was. then in controversy as a will of personal property. * * * The probate courts having the exclusive jurisdiction and right-to decide as to the validity of a will of personal estate, but having no authority whatever to determine the right as to the real estate claimed under the will, or to decide any question which can have the effect to deprive the heir at law or the devisee of his common-law right of trial by jury, so far as concerns the devise of real estate, without taking up time to inquire more particularly into the reasons for this seeming exception to a general rule, it is sufficient to say that the law appears to be well settled that the sentence of a surrogate, or of a higher court having power to review his decision, in relation to the competency of the testator to make a will of personal property, is not conclusive upon the parties to that litigation in a subsequent suit as to the validity of a devise of real estate contained in the same will.”
That, before the Revised Statutes, it was not necessary to establish, probate, or record a will of real estate, before the will could be offered in evidence in an action at law, is abundantly shown by reference to Jackson v. Blanshan, 3 Johns. 291, 292; Jackson v. Le Grange, 19 Johns. 386; Jackson v. Luquere, 5 Cow, 221; Jackson v. Vickory, 1 Wend. 407; Jackson v. Christman, 4 Wend. 277, 278 ; Bogardus v. Clarke, 4 Paige, 623. The original will might be offered and proved upon trial, though never probated or recorded; and when the will was old, and the party claiming under it was in possession, it $tood upon a footing with ancient deeds, and was received in evidence without proof. The Revised Statutes provided (§ 29): “The probate of any will of personal property taken by a surrogate having jurisdiction, shall be conclusive evidence of the validity of such will until such probate be reversed on appeal or revoked by the surrogate as herein directed, or the will be declared void by a competent tribunal.”
After providing for probate of wills of real estate before a surrogate, § 15 says: “Every will so proved shall have a certificate of such proof endorsed thereon, signed by the surrogate and attested by his seal of office, and may be read in evidence without further proof thereof. The record of such will made as aforesaid and the exemplification of such record by the surrogate in whose custody the same may be shall be received in evidence, and shall be as effectual in all cases as the original will would be if produced and proved, and may in like manner be refuted by contrary proof.”
*56 The law so remained, without material change, until the adoption of the present Code. It is unnecessary to say that the courts have in all cases construed these provisions as to wills of real estate to mean that such a will, so probated, determined nothing, but simply relieved the claimant under the will of the necessity of making proof of the will, when offered in evidence in an action of law. It became, by such probate, presumptively established as the will of the testator. The proof had once been made in the surrogate court, which was to be accepted as a substitute for'the proof required in an action at law, where an unprobated will was. offered in evidence. In other words, the courts give to the probate by the surrogate of a will of realty precisely the same force that is given to* the certificate of acknowledgment by a competent officer which is attached to a deed. While the statute law does not say, in words, what effect shall be given to a decree of a surrogate denying probate for any cause whatever, still the courts have uniformly held that the law was not enacted to protect the interest of,the heir at law alone, and have held that the devisee under the will is not concluded by such a decree; and such denial in fact determines nothing against the devisee, and nothing in favor of the heir at law. In Harris v. Harris, 26 N. Y. 433, 437, Wright, J., says: “Nor can it be claimed that the probate of a will, not lost or destroyed, in a surrogate’s court, or one lost or destroyed in the supreme court, under the provisions of the Revised Statutes, is in either case conclusive as to real estáte. It is conclusive as to personal, but prima facie only as to real; and a failure to have a will probated either in the surrogate’s court or supreme court does not .prevent those claiming under it from setting up and establishing their title, by common law evidence, in an action in any court, either of law or equity, where the title to the real estate thereby devised may be involved.”
An action had been once brought by the devisees, in the supreme court, to establish the will as a lost or destroyed will, and judgment had been rendered in that action, after a contest by the heirs at law, against the will. This judgment, in the case above cited, was held to determine nothing agains.t the devisees.
We next come to the provisions of the present Code. Section 2626, relating to wills of personal property, reads as follows: “A decree admitting to probate a will of personal property, made as prescribed in this article, is conclusive as an adjudication upon all questions determined by the surrogate pursuant to this article,” etc.
Section 2627 reads as follows: “ A decree admitting to probate a will of real property made as prescribed in this article establishes presumptively only all the matters determined by the surrogate pursuant to this article, as against a party who was duly cited or has offered a person claiming from, through or under hifii,” etc.
While the language here is different from that used in the Revised Statutes, the meaning is clearly the same, and expresses just the construction placed by the courts upon the provisions of the Revised Statutes.
*57 In re Gouraud, 95 N. Y. 256, 258, Earl, J., says: “But if was the design of the statute, by a general rule, to give parties a full and ample opportunity to resist the probate of a will disposing of all of the testator’s property. The opportunity for litigation as to the probate of a will of real estate is still greater under § 15, Rev. St. The probate of such a will is never conclusive; and, whenever title to real estate is attempted to be made under it, its validity may be resisted on precisely the' same grounds that were litigated ..when it was admitted to probate, or upon any other grounds. The probate of a will of real estate is not res adjudícala against anybody. * * * All the provisions to which we have referred have been substantially re-enacted in the Code. Sections 2626 and 2627 give substantially the same effect to the probate of wills of real and personal property as was provided in the Revised Statutes.”
That it was the intention of the codifiers to make no change in this respect, if not entirely clear from the new language used by them,' becomes clear by reference to their notes upon revision.
It only remains to determine whether the decree of the surrogate, and papers connected therewith," offered in evidence by the counsel for plaintiff, are admissible to establish prima facie the invalidity of the will, or are admissible for any other purpose. As under the stipulation, the questions touching the validity of the will must be tried-before a jury, with or without precise questions being framed before trial, this question is hardly pertinent here, since it does not bear upon any other issue in the case. I think it should be left to the decision of the court, when that issue shall be tried. The Code provides that a “ decree admitting to probate a will of real property ” is presumptive evidence of all matters determined by the surrogate, but is silent as to the effect of a decree refusing probate. The same language is used, however, relating to wills of personal property; and here, too, the Code is silent as to the effect of a decree refusing probate. It would, I think, in the case of a decree refusing probate of a will of personal property, hardly be contended that this had not the same force given by tne Code to a decree admitting the will to probate. Section 2625 provides, as to both wills of personal and of real property, that, where the surrogate decides “against the sufficiency of the proof or against the validity of the will," he shall make a decree accordingly, and, if required, must state the grounds of his decision. The object of providing for a decree in such cases, and the effect of such a decree, is not clear, unless it is to be regarded as res adjudícala as to wills of personal property, and as to the right to administer the personal estate; and as to wills of real estate, I think, such a decree must at least be regarded as res adjudicata as to the right to have it probated at all. Whether it may be further regarded as prima facie evidence of the invalidity of the will, I do not decide. What may be the rights of Fitzgerald, and how such rights, if any, in equity, he has, should be protected by the final decree, I do not determine, since it-is provided by the stipulation, or in open court, that, in case any question shall be submitted *58 to the jury, further proof might be offered by the plaintiff touching the Fitzgerald claim. The question of the validity or invalidity of the will of Patrick Treno'r must go to a jury. If a jury shall find that the will is, for any cause, invalid, then the real estate in controversy falls to the heirs at law, subject-only to such lien or title of Fitzgerald as may be hereafter determined by the court before which the remaining evidence is taken. If the jury shall find the will valid, and to be the will of Patrick Trenor, then this action fails.