! 87    23
149a 228

ROSE CORLEY, Appellant, *v.* JAMES McELMEEL and Others, Appel-
lants, Impleaded with Others, Respondents.

*Evidence — a surrogate's decree rejecting a will of real estate is not binding in an
action for its partition — right of a devisee thereunder to a jury trial.*

The will of Patrick Trenor, which related to real and personal estate, was offered
for probate in the proper Surrogate's Court and was rejected. Subsequently
one of his heirs brought an action for the partition of his real estate and so
framed her complaint as to test the validity of the will, alleging that it was
void and ineffectual. A defendant who was the devisee under the will of the
property sought to be partitioned answered, alleged that the will was valid and
claimed rights under it.

Upon the trial of the action the plaintiff offered in evidence the surrogate's decree
rejecting the will, which the court excluded. The answering defendant suc-
ceeded upon the trial and established the validity of the will.

*Held,* that the ruling was correct;

That the surrogate's decree was not *res adjudicata* between the parties and had no
effect upon the title of the devisee under the will which vested at the death of
the testator;

That any other construction would deprive the devisee of the right to a trial by
jury in respect to the land devised.

The distinction between decrees admitting wills to probate and those rejecting
wills pointed out.

APPEAL by the plaintiff, Rose Corley, and by the defendants
James McElmeel and others, from a judgment of the Supreme Court
in favor of the defendant Annie E. Stover, entered in the office of

the clerk of the county of Kings on the 28th day of June, 1894, upon the decision of the court rendered after a trial at the Kings County Special Term, and also from an order entered in said clerk's office on the 31st day of May, 1894, denying their motion for a new trial made upon the minutes, with notice of an intention to bring up for review upon the appeal the decisions made in the action by Mr. Justice KELLOGG and Mr. Justice GAYNOR to the effect that the decree of the surrogate of the city and county of New York denying the probate of the alleged will of Patrick Trenor, deceased, was not conclusive as to any parties claiming under said will, nor as to any parties cited to appear or appearing in the said proceedings before the surrogate, and allowing the said will to be presented and proved in this action, and directing that the issue touching the validity or invalidity of the said will be tried by a jury in this action.

*Shepard & Quinn* and *Robert Sewell* and *Edward F. Dwight*, for the plaintiff, appellant.

*Thomas Bracken* and *Joseph T. McKeon*, for the defendants, appellants.

*Charles J. Patterson* for Annie E. Stover, respondent.

*Ayres & Walker*, for the executors, respondents.

DYKMAN, J.:

This is an appeal from a judgment in favor of the defendant Stover.

The action was brought for the partition of real property which formerly belonged to Patrick Trenor, deceased.

Trenor died in February, 1888, leaving a last will and testament by which he devised the real property in question to Annie E. Stover. When the will was presented for probate to the surrogate of the county of New York it was contested, and at the close of the contest the will was rejected and probate thereof was refused.

Thereupon, this action was commenced for the partition of the property. The plaintiff and some of the defendants are heirs at law of Patrick Trenor, deceased.

The complaint is framed for the purpose of testing the validity of the will of Trenor, and contains an allegation that it is void and ineffectual.

The defendant Annie E. Stover answered and set up the will as a defense to the action, alleged its validity and claimed the property as devisee under it.

When the cause came on for trial a question arose respecting the effect of the surrogate's decree rejecting the will, and a stipulation was made that the jury which had been impaneled should be discharged, and if the trial judge decided that the surrogate's decree was not conclusive, then the issue touching the validity of the will should be tried before a jury at a subsequent term, and if the judge decided that the decree was conclusive against the will the plaintiff should prevail in the action.

The decree of the surrogate and certain other papers connected therewith were then received in evidence, and the decision respecting their effect was reserved.

Subsequently, the trial judge decided that the decree of the surrogate was not conclusive against the validity of the will and directed the issues respecting the same to be tried by a jury.

Pursuant to that direction the cause was tried before a jury and a verdict was rendered in favor of the defendant Stover, establishing the validity of the will.

Upon this last trial the counsel for the plaintiff offered in evidence the decree of the surrogate rejecting the will. The decree was excluded, and that exclusion presents the sole and only question involved upon this appeal.

A decree of a surrogate admitting to probate a will of real property establishes presumptively all the matters determined by the surrogate (Code Civ. Proc. § 2627), while a decree of a surrogate admitting to probate a will of personal property is conclusive as an adjudication upon all questions legally determined by the surrogate. (Code Civ. Proc. § 2626.)

Such are the effects of surrogates' decrees admitting wills to probate, but we are required now to ascertain and determine the effect of a decree rejecting a will of real property.

The first impression upon the mind on the presentation of the

SECOND DEPARTMENT, MAY TERM, 1895. [Vol. 87.

question is that such a decree can have no legal effect upon the will as a muniment of title to land. That conclusion is reached naturally from the nature and character of the will. It becomes operative upon the death of the testator, and the title of the devisee to the land devised becomes vested at that time. A failure to propound the will for probate can have no effect upon such title, because it is derived from the will. Its probate would be of no avail except to supply presumptive evidence of its validity, and that may be repelled at any time by contrary proof. (2 R. S. 58, § 15.)

Wills of real property may be used to establish a title, which they create in the same manner as a deed. In fact, they have sometimes been called statutory conveyances.

They may be introduced in evidence upon proper proof in any action to recover the property devised, or to defend the possession thereof. (*Norris* v. *Norris*, 32 Hun, 176.)

A will may be read in evidence as an ancient instrument when it has sufficient age and possession has been in accordance with it, without proof of its execution, the same as a deed. (Greenleaf's Ev. § 21; *Jackson* v. *Blanshan*, 3 Johns. 294.)

The argument of the appellants is not only that the decree of the surrogate should have been received in evidence, but that it was *res adjudicata* and a final determination of the rights of the parties.

The contention of the appellants, if successful, would deprive the devisee of the constitutional and common-law right of trial by jury in respect to land devised by the will, and such deprivation is beyond the province even of the Legislature.

The foregoing views are supported by the decisions in the cases of *Bogardus* v. *Clark* (4 Paige, 623) and *Harris* v. *Harris* (26 N. Y. 437.)

Without further pursuit of the subject our conclusion is that the judgment should be affirmed, with costs.

BROWN, P. J., and CULLEN, J., concurred.

Judgment affirmed, with costs.